## EX PARTE FERRY COMPANY.

*Ex parte Gordon* (*supra*, p. 515) reaffirmed, the doctrines there announced being applicable, although the amount involved in the suit below is not sufficient to give this court appellate jurisdiction.

PETITION for a writ of prohibition.

James H. Cuddy exhibited his libel against the steamer " Garland," her engines, &c., in the District Court of the United States for the Eastern District of Michigan, alleging that he was the father of David Cuddy and William H. Cuddy, aged respectively ten and thirteen years, passengers on board a steam yacht bound up the Detroit River, when she was sunk by the " Garland," whereby they were drowned, and he was deprived of their earnings, services, and society. The sinking of the yacht and their death are charged to be the direct result of the negligence and unskilfulness of the " Garland."

In a supplemental libel he alleges that he was duly appointed administrator of the estate of each of his sons, and he charges that he is entitled to damages in the sum of $4,000 for their death, not only by virtue of his relationship, but as their personal representative, his right in that behalf being created by the law of Michigan.

The " Garland" was seized. On the application of the De-troit River Ferry Company, the claimant, she was appraised. and surrendered. · The company now prays. for a writ from. this ·court. to prohibit the proceedings, as beyond the jurisdic-tion of the District Court.

*Mr. Henry C. Wisner* for the petitioner.
*Mr. Alfred Russell, contra.*

Mr. Chief Justice Waite delivered the opinion of the court.

This case is, in all its material facts, like that of *Ex parte Gor-don, supra,* p. 515. It matters not that the amount demanded in the libel is less than $5,000, and that consequently no appeal will lie to this court. An appeal will lie to the Circuit Court in favor of the libellant if he is defeated, and in favor of the respondent if the recovery exceeds $50. It is no ground for relief by prohibition that provision has not been made for a review of the decision of the court of original jurisdiction, by appeal or otherwise. A prohibition cannot be made to perform the office of a proceeding for the correction of mere errors and irregularities. If there is jurisdiction, and no provision for appeal or writ of error, the judgment of the trial court is the judgment of 'the court of last resort, and concludes the parties. It rests with Congress to decide whether a case shall be re-viewed or not. ·

*Writ denied.*