JOSEPHINE E. CRILL, a Widow, et al., v. STATE ROAD DEPARTMENT OF FLORIDA, and A. W. LONG, Circuit Judge.

En Banc.

Opinion filed June 28, 1928.

Petition for rehearing denied July 12, 1928.

*Charles P. Cooper,* Attorney for Josephine E. Grill, et al.;

*B. A. Meginniss* and *Hampton & Hampton,* Attorneys for State Road Department, et al. .

*Thomas W. Fielding* and *W. S. Broome,* as *amici curiae.*

BROWN, J.—This is an application for writ of prohibition to be directed to the Circuit Court of Alachua County and Hon. A. V. Long, the judge thereof, and to the State Road Department of Florida, for the purpose of prohibiting any

further action in a certain condemnation proceeding brought by the State Road Department in said county against Josephine E. Crill and others in which it was sought to condemn certain real estate for right of way of State Road No. 14, together with 6,000 cubic yards of sand to be taken from 1.83 acres of land close to or adjoining said right of way, the real estate sought to be condemned and the land from which the sand was sought to be taken being particularly described in the petition for condemnation.

The defendants in the condemnation proceeding appeared specially for the purpose of filing in the lower court a motion to quash the notice to answer and show cause in said proceeding, which had been issued and served on the defendants, upon the ground that the Court had no jurisdiction of the parties defendant, and that the notice did not run in the name of the State of Florida as required by law. On application of the petitioner the Court permitted the notices to be amended *instanter* and denied the motion to quash, and the defendants were allowed a certain time within which to appear and show what right, title or interest they had in or to said property and to show cause why it should not be taken for the uses and purposes set forth in the petition.

The defendants then filed a motion to dismiss the petition for condemnation upon the grounds; (1) that the petition was filed and was being prosecuted to and by virtue of Chap. 10118 of the Laws of 1925, and that said Act is void as being in violation of Sec. 16 of Article III of the constitution; (2) that the State Road Department had no valid or legal power or authority to prosecute this proceeding, said statute above referred to being unconstitutional and void; (3) that the Court had no jurisdiction, power or authority to entertain this condemnation proceeding

brought under said unconstitutional statute; and (4) said statute being unconstitutional, and the State Road Department and the Court not having the power and jurisdiction attempted to be conferred thereby, said petition seeks to take the property of defendants without due process of law and without just compensation, in violation of constitutional guaranties.

Defendants also filed a motion to strike certain portions of the petition regarding the sand sought to be condemned upon the ground that it is not permissible under said statute to condemn sand which is a part of the land owned by the defendant in fee, and which must first be severed from such land and become personal property before it is subject to condemnation under the statute, and upon other grounds.

Upon hearing the motion to dismiss the petition in condemnation as well as the motion to strike certain portions of the petition were each overruled and denied and the court made an order allowing the defendants certain time for filing an answer to the petition.

Thereafter this suggestion for writ of prohibition was filed in this court. The grounds of the application for the writ of prohibition are very much the same as those interposed in support of the motion made in the court below to dismiss the proceedings. It is alleged that the statute authorizing the State Road Department to maintain proceedings for the condemnation of land and material for road construction purposes is unconstitutional and void, and that therefore the Road Department had no right to bring the proceeding here in question nor had the court any right to entertain such proceeding, and that the applicants are therefore entitled to writ of prohibition. It is further alleged in support of the application here made, that under Section 1513, Rev. Gen. Stats., which prevails

in this proceeding, it is expressly provided that in no case shall a writ of error from a condemnation proceeding operate as a supersedeas where the petitioner pays the adjudged amount of compensation into court; and that if the State Road Department obtains final judgment the defendants will have no effective remedy by appeal or writ of error to prevent the unlawful taking of said real estate and sand; that said Road Department would enter upon said land and sand and destroy the same and a writ of error without supersedeas would be of no effect or benefit.

One of the respondents, to wit, Hon. A. V. Long, Circuit Judge, filed a demurrer to the application or suggestion for writ of prohibition, setting up among other things that the circuit court for Alachua County is a court of original and general jurisdiction; that said court has acquired and has jurisdiction of the parties and the subject matter; that the judge of said court is not shown to be disqualified to act; that the court is therefore empowered to pass upon the constitutionality of said Chap. 10, 118 of the laws of 1925 and that if said court should err in holding said law to be constitutional, the remedy to correct such error is by writ of error or other appropriate poceedings for review. That supersedeas is not a right guaranteed by the constitution, and the fact that the Legislature has enacted that where the amount of compensation found by the verdict of the jury in condemnation proceedings has been paid into court, no writ of error shall operate as a supersedeas of a final judgment therein so as to prevent an appropriation of the property pending proceedings in error, does not authorize the awarding of a writ of prohibition against the court in which the final judgment may be entered, or against the judge of said court. That the suggestion for writ of prohibition does not claim or assert that said statute, providing that, under the circumstances above mentioned, a writ of

error shall not operate as a supersedeas to the final judgment, is unconstitutional, or that said statute deprives the parties of their property without compensation.

The State Road Department filed an answer to the application, also embracing matter in the nature of a demurrer.

The first question to be determined is whether, upon facts alleged in the application, this court would be authorized to issue a writ of prohibition stopping further proceedings in the circuit court. If this question be determined adversely to the applicants for the writ, it will not be necessary for this court to pass upon the constitutionaly *vel non* of Chap. 10, 118.

The writ of prohibition is that process by which a superior court prevents an inferior court or tribunal from usurping or exercising a jurisdiction with which it has not been vested by law. It is an extraordinary writ, because it only issues when the party seeking it is without other adequate means of redress for the wrong about to be inflicted by the act of the inferior tribunal. In the case of State v. Malone, 40 Fla. 129, 23 So. R. 575, this court said:

In the case of McConiha et al. v. Guthrie, Judge etc., 21 W. Va., 134, it is said, in speaking of the writ of prohibition, that "that it is an original remedial writ, and is the remedy afforded by the common law against enroachments of jurisdiction by inferior courts, and is used to keep such courts within the limits and bounds prescribed for them by law, and should, therefore, in all proper cases, be applied without hesitation. But it does not lie for errors or grievances which may be redressed, in the ordinary course of judicial proceedings, by appeal or writ of error. It is a fundamental principle, and one which will be strictly enforced, that this writ is never allowed to usurp the functions

of a writ of error, or *certiorari*, and can never be employed as a process for the correction of errors of inferior tribunals. The courts will not permit a writ, which proceeds upon the ground of an excess or usurpation of jurisdiction, to become an instrument itself of usurpation, or be confounded with a writ of error which proceeds upon the ground of error in the exercise of a jurisdiction which is conceded. It does not lie to prevent a subordinate court from deciding erroneously, or from enforcing an erroneous judgment in a case in which it has a right to adjudicate. In the application of the principle, it matters not whether the court below has decided correctly or erroneously; its jurisdiction of the matter in controversy being conceded, prohibition will not lie to prevent an erroneous exercise of that jurisdiction.'' The court say, in Leonard v. Bartels et al., 4 Col. 95, that a writ of prohibition ''is not granted *ex debito justicia*, but rests in the sound discretion of the court. It is a prerogative writ, used with great caution, where the ordinary remedies provided by the law are not applicable or adequate. It is never allowed to usurp the office of a writ of error or an appeal. It is used to confine inferior courts, in the exercise of their powers, within the limits fixed by the law. A clear distinction is made by the authorities between the assumption of a jurisdiction, to which the court has no legal claim, and the mere erroneous exercise of a jurisdiction with which the court is *invested*. If the inferior court has jurisdiction of the subject-matter, a mistaken exercise of that jurisdiction, or of its acknowledged powers, will not justify a resort to the extraordinary remedy by prohibition. There must be excess of jurisdiction and not mere error in the exercise of a jurisdiction which is conceded.''

In determining this question therefore, the initial inquiry is whether or not the circuit court had jurisdiction of the subject matter, its jurisdiction of the parties not being denied. If jurisdiction of the subject matter be conceded, prohibition will not lie to prevent an erroneous exercise of that jurisdiction. 23 Am. Eng., Enc. of Law, 200 *et seq.*

"The general rule is that the writ of prohibition will not issue to restrain an inferior judge from declaring the law in a particular case, or doing an act when he has *prima facie* jurisdiction, however erroneously he may decide or act. Thus it was held that the writ did not lie to prevent the circuit court of the City of St. Louis from entertaining proceedings for the condemnation of property on the ground that it had no jurisdiction of the especial class of property involved in the proceedings." Spelling on Extraordinary Remedies, Sec. 1724, 2nd Ed., citing State v. Valliant, 100 Mo. 59, 13 So. W. R. 398.

Unquestionably the circuit court had jurisdiction of the subject matter; that is of proceedings in condemnation. Whether the statute in question was constitutional, and whether under it the petitioner had any right to condemn the property described in the petition, was not a question going to the fundamental jurisdiction of the court over the subject matter, but was primarily merely a question of law affecting the right of the petitioner to maintain the suit, which point it had or would become necessary for the court to decide in its conduct of the proceedings. The circuit court does not derive its jurisdiction over condemnation proceedings from Chap. 10118. It had been vested with such jurisdiction long before that statute was ever enacted. To grant the writ of prohibition in this case would be tantamount to holding that the circuit court could be prohibited from trying any case in which the plaintiff's right to the relief sought depended upon a statute, the constitutionality

of which was denied or attacked by the defendant, merely because the plaintiff thought that the circuit court had decided or might decide the question erroneously and the defendant be thereby damaged in such sort as could not be fully redressed by reversal of the judgment on appeal, or writ of error, or *certiorari*. Any such rule as this would unduly extend the jurisdiction of this court, and it would become the forum for testing in advance all constitutional questions affecting the rights of the parties which either party might fear would be decided adversely to him in the trial court; thus amounting to a usurpation by this court of the powers and jurisdiction conferred on the trial courts of this state. Of course, where a court's jurisdiction of the subject matter itself is attempted to be conferred by a void, unconstitutional statute, such court may be prevented by writ of prohibition, from exercising such supposed jurisdiction in any particular case as to which relief is sought. But here the statute conferring jurisdiction of condemnation proceedings generally upon the circuit courts is not attacked, nor could it be, for the jurisdiction of such cases is not only conferred by our general statutes, but also by the broad, and comprehensive language of Sec. 11, of Art. V, of the constitution, which says that: "The circuit courts shall have exclusive original jurisdiction in all cases in equity, also in all cases at law, not cognizable by inferior courts," etc.

It therefore becomes manifest that the contention of the applicants here that, if Chapter 10118 be unconstitutional, the Court is without jurisdiction of the subject matter, is fundamentally wrong. Reduced to its last analysis, the contention of the applicants is not that the Court is without jurisdiction, but that the petitioner in the court below is without lawful authority to maintain condemnation proceedings against the property described in the petition.

This is, in effect, but a law point to be decided by the circuit court in the exercise of its jurisdiction. The absence of adequate remedy by appeal or writ of error is not of itself sufficient ground to authorize a writ of prohibition, provided the court has jurisdiction. 23 Am. and Eng. Enc. of Law, 211; *Ex Parte* Detroit River Ferry Company, 104 U. S. 519, 26 Law ed., 815.

But we apprehend that the fears entertained by the applicants here that in case of an adverse decision by the court below they would be without adequate remedy for review, are largely imaginary. See Spafford v. Brevard County, 110 So. R., 451; 453, 92 Fla., 617; Astca Investment Co., v. Lake County, 86 Fla., .639, 98 So. R., 824. It is only when the court is without jurisdiction or is attempting to act in excess of its jurisdiction that writ of prohibition lies against it; and then only when there is no other adequate remedy. It is in this connection that lack of adequate remedy arises. When the court has jurisdiction, and is not attempting to exceed such jurisdiction, prohibition will be denied, regardless of the question of inadequacy of remedy by way of appellate review or otherwise. These propositions of law are well established by Spelling on Extraordinary Remedies, 2nd ed., Sects. 1716, 1724, 1725 and 1726; 32 Cyc. 598 *et seq.*; 16 Enc. of Pldg. and Prac., 1125 *et seq.*, Sherlock v. Jacksonville, 17 Fla., 93; State v. Smith, 32 Fla., 476, 14 So. R. 43; State ex rel. v. Hocker 33 Fla., 283, 14 So. R., 586; State v. Malone, *supra*; State ex rel. v. White, 40 Fla., 297, 24 So. R., State ex rel. Burr v. Whitney, 66 Fla., 24, 63 So. R., 299; State ex rel v. R. R. Commissioners, 79 Fla., 526, 84 So. R., 444; Seaboard Realty Co. v. Seaboard All-Fla. Ry. Co., 108 So. R., 675, 91 Fla., 670. Jurisdiction of the subject matter means the power of the court to adjudicate the class of cases to which the particular case belongs. Lovett v. Lovett, 112

So. R., 93 Fla., 611, Brown on Jurisdiction, 2nd ed., Sec 2, 35 C. J. 426; 16 C. J. 723; Malone v. Meres, 109 So. R., 667, 91 Fla., 7Q9.

As to cases involving writs of prohibition, it has been said: "The question is not whether the court has jurisdiction of the particular case sought to be prohibited, but whether or not it has jurisdiction of the general class of cases to which the particular case belongs." 16 Enc. of Pldg. and Prac., 1126 and cases cited. Nothing in the application for the writ excludes the fundamental fact that the judge of the 8th judicial circuit had jurisdiction of the subject matter involved in the suit below. If it be conceded that his decision of the motion to dismiss the petition in condemnation was wrong on account of the unconstitutionality of the statute referred to, which is not intimated here, it would afford no ground for the issuance of the writ of prohibition as prayed, as there are other remedies for correcting any erroneous rulings which may occur in the court below, and the demurrer to the suggestion to the writ of prohibition is therefore sustained and the rule to show cause herein is discharged and peremptory writ denied.

Peremptory writ of prohibition denied.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM AND BUFORD, J. J., concur.