STATE, *ex rel*. S. A. LYNCH v. THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, DADE COUNTY, and THE HONORABLE WORTH W. TRAMMELL, as Circuit Judge of the Eleventh Judicial Circuit of Florida, Dade County, and EASTERN HOTEL CORPORATION, a Florida Corporation.

159 So. 883.

Opinion Filed February 27, 1935.

Rehearing Denied March 29, 1935.

508

*Loftin, Stokes & Calkins,* for Relator;

*Price, Price & Hancock, W. C. Price* and *Robert C. Lane,* for Respondents.

WHITFIELD, C. J.—In a suggestion for a writ of prohi-bition filed in this Court, it is in effect alleged that the Eastern Hotel Corporation is a corporation organized under the laws of the State of Florida prior to June 15, 1931, and is now "maintaining" in the Circuit Court for Dade County, Florida, an action at law begun in 1929, against the relator, S. A. Lynch; that said corporation has not complied with the requirements of Chapter 14677 as amended by Chapter 15726, Acts of 1931, Laws of Florida, which provide that any corporation failing for six months to file a required annual report and to pay an annual excise tax "shall not be permitted to maintain any action in any court in this State until such reports are filed and all fees due are paid"; that on January 7, 1935, S. A. Lynch, the defendant in said action, filed a motion with supporting evidence to dismiss such action because of the failure of the plaintiff corporation to comply with the provisions of said statute; that upon such motion to dismiss, the court made the following order:

"This cause coming on for hearing upon the motion of S. A. Lynch to dismiss the above styled and entitled cause for failure of the Eastern Hotel Corporation, a Florida corporation, to comply with Chapter 14677, as amended by Chapter 15726, Acts of 1931, and it appearing to the Court that the Eastern Hotel Corporation was organized during

the year of 1928 and that the above styled and entitled cause was instituted in the Circuit Court in and for Dade County, Florida, on the 30th day of January, 1929, and that said suit was instituted prior to the enactment of Chapter 14677, as amended by Chapter 15726, Acts of 1931, and,

"IT FURTHER APPEARING TO THE COURT that prior to the hearing of the motion to dismiss that the defendant had caused to be transmitted to Tallahassee, Florida, by wire, the necessary fees and taxes due by the said corporation to the State of Florida, and,

"IT FURTHER APPEARING that the said corporation had caused to be prepared and forwarded to the Secretary of State, Tallahassee, Florida, report for said corporation covering the years 1931, 1932, 1933 and 1934, it is, therefore,

"ORDERED, AND CONSIDERED by the Court that the above styled and entitled cause stand in *statu quo* until such time as the said plaintiff shall file with the Clerk of this Court a certificate of the Secretary of State showing that the Eastern Hotel Corporation has complied with Chapter 14677, as amended by Chapter 15726, Acts of 1931."

It is prayed that said Circuit Court and its Judge be prohibited from taking further cognizance of, and from proceeding further in, said cause. A rule in Prohibition was issued by this Court.

By answer the corporation respondent avers that it "was chartered by the State of Florida during the year 1928; that on the 30th day of January, 1929, it instituted a suit against the defendant, S. A. Lynch, wherein and whereby it claimed of and from the said S. A. Lynch, the sum of Thirty-five Thousand Dollars ($35,000.00) ; that said suit is still pending in the Circuit Court in and for Dade County, Florida, and is now at issue upon the common counts.

"* * * that on January 7th, 1935, S. A. Lynch, by and through his counsel, served notice upon counsel for Eastern Hotel Corporation that at 9:30 o'clock A. M. on January 8, 1935, by special appointment, he would apply to the Honorable Worth W. Trammell, Circuit Judge of the Eleventh Judicial Circuit in and for Dade County, Florida, for an order dismissing the aforesaid cause for failure of the Eastern Hotel Corporation, plaintiff in said cause, to comply with the provisions of Chapted 14677, and 15726, Acts 1931, Laws of Florida; * * * that immediately upon receiving such notice, the defendant wired to the Secretary of State, at Tallahassee, Florida, to obtain the amount necessary to pay all fees and taxes due to the State of Florida by the said corporation; that on the 8th day of January, 1935, prior to the hearing of the motion to dismiss hereinafter mentioned before the said Court, that the said Eastern Hotel Corporation caused to be telegraphed to the Secretary of State of the State of Florida at Tallahassee, Florida, all money necessary to pay all fees and taxes due to the State of Florida by said corporation, and did prepare and forward to the Secretary of State, Tallahassee, Florida, a report of said corporation, as required by the said Acts, covering the years of 1931 to 1934, both inclusive; * * * that on the 8th day of January, 1935, the said reports were transmitted to the Secretary of State, as aforesaid, and that on the 8th day of January, 1935, that Robert C. Lane, attorney for the Eastern Hotel Corporation, received a letter from the Secretary of State, Tallahassee, Florida, acknowledging receipt of the capital stock tax return of the Eastern Hotel Corporation; * * * that transmitted with said letter is an original certificate of the Secretary of the State of Florida, dated January 9th, 1935; * * * wherein and whereby the said Secretary of the State of Florida did certify that the

Eastern Hotel Corporation is a corporation organized and existing under the laws of the State of Florida; that said corporation has filed in his office capital stock return, as provided in Chapter 14677, as amended by Chapter 15726, Acts of 1931, and paid its corporate stock tax as provided by said Act in full to date, and the corporation privileges of said Eastern Hotel Corporation are intact and said corporation is in good standing at said time."

"STATE OF FLORIDA
"OFFICE SECRETARY OF STATE

"I, R. A. GRAY, Secretary of State of the State of Florida, do hereby certify that EASTERN HOTEL CORPORATION is a corporation organized and existing under the laws of the State of Florida, and that said Corporation has filed in this office Capital Stock Tax Return, as provided in Chapter 14677, as amended by Chapter 15726, Acts of 1931, and paid its corporate Capital Stock Tax, as provided in said Acts, in full to date, and the corporate privileges of said EASTERN HOTEL CORPORATION are intact and the corporation is in good standing at this time, as shown by the records here.

"GIVEN under my hand and the Great Seal of the State of Florida, at Tallahassee, the Capital, this ninth day of January, A. D. 1935.

"(Signed) R. A. GRAY,
*"Secretary of State."*

"(SEAL)"

By answer the respondent Circuit Judge averred:

"That on the 8th day of January, 1935, S. A. Lynch, the defendant, in the original suit * * * presented to this Court before this Judge, a motion to dismiss the said action because of the failure of the Eastern Hotel Corporation to

comply with the provisions of Chapter 14677 and 15726 of the Acts of 1931, Laws of Florida, * * * and that on said date, the said S. A. Lynch presented to the said Judge and filed in said action in said Circuit Court, a certificate of R. A. Gray, as Secretary of the State of Florida, evidencing the failure of the Eastern Hotel Corporation to comply with the terms of the Act aforesaid, and that on said 8th day of January, 1935, the same was brought on for hearing before the Honorable Worth W. Trammell, as Circuit Judge in and for the Eleventh Judicial Circuit of Dade County, Florida, and that said Judge then refused to dismiss said action, * * * the plaintiff, Eastern Hotel Corporation, having submitted proof of the payment of the fees due to the State of Florida and the transmission of the reports required by said Act to the Secretary of the State of Florida * * *."

The case was set for trial by the Circuit Judge.

It thus appears that the respondent corporation was chartered as a corporation by the State of Florida in 1928, that it commenced suit against the relator herein in 1929, that the statute requiring all corporations to file reports and pay stated fees was enacted in 1931, and that before the motion to dismiss the cause for failure to comply with the statute of 1931 was heard, the required reports were transmitted to the Secretary of State and the fees were paid.

Chapter 14677, amended by Chapter 15726, Acts of 1931, requires all corporations to annually file stated reports with the Secretary of State and to pay to such official stated fees; and enacts:

"Any corporation failing to comply with the provisions of this Act for six months * * * shall not be permitted to maintain any action in any court in this State until such reports are filed and all fees due hereunder paid."

The Court denied the motion to dismiss the action, it appearing that the statutory reports were made and the required fees paid before the order denying the motion to dismiss was made by the Court, though such reports were made and fees paid after the motion to dismiss had been made by counsel for the defendant.

As the Court had jurisdiction to determine the motion to dismiss the action for failure of the plaintiff corporation to comply with the statute, and as the motion affected not the jurisdiction of the Court to proceed further in the cause but the right of the plaintiff corporation to maintain the action because of its failure to comply with the statute, the writ of prohibition is not the proper remedy. If the Court erred in denying the motion a remedy is by writ of error to a final judgment in the cause. Crill v. State Road Dept., 96 Fla. 110, 117 So. 795.

The rule in prohibition is quashed.

ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.