178 So.2d 201 (1965)
Herbert W. SMITH, Appellant,
v.
H. Knox BETTINGHAUS, Judge of the Municipal Court of the City of Winter Park, Florida, Appellee.
Donald D. PROVANCE, Appellant,
v.
H. Knox BETTINGHAUS, Judge of the Municipal Court of the City of Winter Park, Florida, Appellee.
Nos. 5405, 5406.
District Court of Appeal of Florida. Second District.
September 9, 1965.
*202 J. Stuart Smith, of Smith, Sheldon & Smith, Orlando, for appellants.
Webber Haines, City Atty., and David W. Cunningham, Asst. City Atty., Winter Park, for appellee.
ALLEN, Chief Judge.
Appellants bring consolidated appeals from final judgments denying their suggestions for writs of prohibition.
Appellant Smith was charged, under Section 18.1 of the City of Winter Park Code, with permitting the sale of an alcoholic beverage to a minor. Appellant Provance, an employee of the establishment of which Smith was manager, was charged, under Section 4.24 of the Code, with selling an alcoholic beverage to a minor.
Upon refusal of the municipal court to dismiss the actions on the basis of appellants' objections to the jurisdiction of the court, appellants sought writs of prohibition in the circuit court. The essential ground urged in the suggestions was the trial court's lack of jurisdiction over the subject matter because of the invalidity of both ordinances. In support of this contention, it was argued that the City was without power to legislate upon the subject matter of the challenged ordinances, because the State had pre-empted the subject matter by general legislation. The circuit court denied the suggestions for the writs, holding that the City was empowered to enact the ordinances under its general *203 police powers as well as under section 7(k) of the City Charter, Chapter 26317, Laws of Florida, Special Acts of 1949.
On appeal, appellants reassert the issue of whether the challenged ordinances are valid legislative enactments. The first question, however, that arises out of these facts is whether appellants pursued the proper remedy in seeking issuance of the writ. That is to say, the initial issue is whether the circuit court could have properly issued the writ even assuming the ordinances to be invalid. If the court could not, then the issue of validity need not be considered.
No single statement of the general principles governing the issuance of the writ of prohibition can be made that will not be at variance with some decisions on the subject. Hence, no verbalizing at this level will be attempted.
The fundamental question in every prohibition case is jurisdiction; that is, whether the court is without jurisdiction, or is attempting to act in excess of jurisdiction. Prohibition will lie in the instant case if this question can be answered in the affirmative. Since jurisdiction of the parties is conceded, our inquiry is directed to whether the municipal court had jurisdiction of the subject matter.
Appellants' argument assumes that if the ordinances, under which they are charged, are invalid, the municipal court was without jurisdiction of the subject matter. Appellants misconceive the derivation of the municipal court's jurisdiction of the proceedings.
Sections 18.1 and 4.24 of the City Code do not confer jurisdiction of the municipal court over the subject matter of these proceedings. Jurisdiction of the subject matter means "the power of the court to adjudicate the class of cases to which the particular case belongs." Crill v. State Road Department, 1928, 96 Fla. 110, 119, 117 So. 795, 798. See also, Lovett v. Lovett, 1927, 93 Fla. 611, 112 So. 768; Malone v. Meres, 1926, 91 Fla. 709, 109 So. 677. The class of cases to which the instant case belongs is that involving the general question of violation of municipal ordinances. This is the subject matter of the cause, and the jurisdiction of it was conferred by Section 1, Article 21 of Chapter 26317, supra, which establishes the municipal court of Winter Park, and provides for the trial "of all offenders against the municipal ordinances."
The municipal court of Winter Park therefore having jurisdiction, the question raised was merely a question of law affecting the authority of the City to maintain its prosecution. See Crill v. State Road Department, supra. Prohibition will not lie to prevent an erroneous determination of that question.
It will be noted that the judgment of the circuit court does not rest on the theory presented herein. It is, however, a well established principle of appellate procedure that a judgment or decree will be affirmed if sustainable under any theory revealed by the record on appeal. E.g., American Mortgage & Safe Deposit Co. v. Rubin, Fla.App. 1964, 168 So.2d 777; Bambrick v. Bambrick, Fla.App. 1964, 165 So.2d 449; Berkman v. Miami National Bank, Fla.App. 1962, 143 So.2d 535.
Accordingly, the judgment appealed is affirmed.
SMITH, J., and McNULTY, JOSEPH P., Associate Judge, concur.