179 So.2d 403 (1965)
STATE of Florida ex rel. Jose A. FERRE, Relator,
v.
Honorable James W. KEHOE, Judge of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida and Joanne Ferre, Respondents.
No. 65-849.
District Court of Appeal of Florida. Third District.
November 2, 1965.
Rehearing Denied November 17, 1965.
*404 George H. Salley, Miami, for relator.
Nichols, Gaither, Beckham, Colson & Spence and Robert Orseck, Miami, for respondents.
Before HENDRY, C.J., and TILLMAN PEARSON and SWANN, JJ.
HENDRY, Chief Judge.
Relator has filed in this court a suggestion for writ of prohibition to stay the proceedings by respondents in the trial court on the grounds that the court lacks jurisdiction over the subject matter of the suit and over the person of the relator. Rule nisi in prohibition was issued to which the respondent has filed a response.
On March 27, 1965, respondent instituted an action for child custody and support, alimony unconnected with divorce and for injunctive relief. Service of process was made upon relator on the same date. Relator moved to dismiss the complaint on the ground that it fails to state a cause of action. On May 3, 1965, relator obtained a judgment of divorce in the Superior Court of Puerto Rico, Ponce District. On May 21, 1965, the complaint was amended, pleading the divorce decree. Relator filed a motion to dismiss the amended complaint on the same ground as the original motion. On September 13, 1965, the lower court dismissed the amended bill of complaint on the sole ground that said complaint fails to state a cause of action with leave to amend. On September 22, 1965, respondent filed a supplemental and/or amended complaint for divorce, alimony, child custody and support, and related relief. Respondent alleged that the residential requirement necessary for the divorce action was complied with on the same date. Thereafter, relator moved to dismiss this complaint on the grounds that the court lacks jurisdiction over the subject matter of the case and the person of the relator. This motion was denied and formed the basis of the proceedings presented to this court.
The writ of prohibition is that process by which a superior court prevents an inferior court from usurping or exercising a jurisdiction with which it has not been vested by law. It is an extraordinary writ, because it only issues when the party seeking it is without other adequate means of redress for the wrong about to be inflicted by the act of the inferior tribunal.[1] It is a prerogative writ, used with great caution, where the ordinary remedies provided by law are not applicable or adequate.[2] The writ of prohibition is never allowed to usurp the functions of an appeal or certiorari.[3] Respondent in the original and amended complaint sought alimony unconnected with divorce under § 65.09, Fla. Stat., F.S.A., along with child custody and support. Relator claims that any action under this section is completely barred by the Puerto Rican divorce decree.[4] Thus, relator states that the only means by which respondent could be awarded permanent alimony would be to obtain a divorce under § 65.04(8), Fla. Stat., F.S.A. Since a suit under this section requires that the complainant fulfill a six months residency requirement, a requirement which respondent did not comply with until September 22, 1965, relator contends the lower court lost jurisdiction over the subject matter when the divorce decree was pleaded in the amended complaint. However, a thorough examination of the record discloses that respondent did not pray for a divorce under § 65.04(8) in the original or amended complaint; *405 therefore the argument is unavailing. Respondent sought alimony unconnected with divorce for which no residency requirement is necessary to invoke the jurisdiction of the court over the subject matter.[5] In addition to alimony respondent sought child custody and support, and it is well established that the courts of chancery are open at all times for the purpose of hearing complainants and making and entering orders and decrees affecting or preserving the welfare of children. The chancellor in the exercise of his discretion has the power to retain jurisdiction for the purpose of making such orders affecting the custody and welfare of the children of divorced parties.[6] This court in finding that the lower court has jurisdiction will not issue a writ of prohibition on the assumption that the court will exercise that jurisdiction erroneously.
The relator further suggests that a writ of prohibition should issue because the lower court did not have jurisdiction over his person. This is based on relator's contention that the supplemental and/or amended complaint states a new cause of action for which no valid service of process was made. The point has been resolved in Florida so that where a trial court has jurisdiction over the subject matter of the suit, prohibition will not lie to review the correctness of an order of the trial court overruling a challenge to its jurisdiction over a person. Under the Florida Rules of Civil Procedure a person who raises questions of jurisdiction of his person is not prejudiced by participating in the trial and defending the matter on the merits and may obtain a review of the question of jurisdiction upon appeal.[7]
Therefore, the rule nisi heretofore issued is quashed and the writ of prohibition is discharged, without prejudice to the rights of the relator to raise on appeal the points presented in these proceedings.
Is is so ordered.
NOTES
[1] Crill v. State Road Department, 96 Fla. 110, 117 So. 795 (1928).
[2] Burkhart v. Circuit Court of Eleventh J. Circuit, 146 Fla. 457, 1 So.2d 872 (1941).
[3] State ex rel. B.F. Goodrich Co. v. Trammell, 140 Fla. 500, 192 So. 175 (1939).
[4] Coppersmith v. Coppersmith, Fla.App. 1961, 127 So.2d 711.
[5] Kiplinger v. Kiplinger, 147 Fla. 243, 2 So.2d 870 (1941).
[6] Tenny v. Tenny, 147 Fla. 672, 3 So.2d 375 (1911).
[7] State ex rel. Eli Lilly & Co. v. Shields, Fla. 1955, 83 So.2d 271.