PER CURIAM.
The appellants were petitioners for a writ of prohibition in the circuit court. *296 By their petition in the circuit court they challenged the jurisdiction of the Metropolitan Court in and for Dade County to try them upon the ground that the complaint filed in the Metropolitan Court was insufficient. The writ of prohibition was filed after trial and before sentence. We adopt the following portions of the opinion of the circuit judge as the opinion of this court:
“This matter came on to be heard upon the petitioners’ suggestion for prohibition and rule to show cause for writ of prohibition, and the respondents’ motion to dismiss petition for writ of prohibition and quash order to show cause.
“The petitioners challenged the jurisdiction of the Metropolitan Court in and for Dade County, Florida, on the ground that the petitioners were unlawfully and illegally arrested by virtue of bench dockets (1) not predicated upon affidavits under oath, (2) no person signed or made written complaint against the petitioners, (3) the bench dockets were issued by the Clerk or respondents’ Court, who had no personal knowledge of any of the alleged offenses.
“Respondents’ motion to dismiss, petition for writ of prohibition and quash order to show cause, came on for hearing and petitioners filed a memorandum of law subsequent to such hearing. The respondents contend that prohibition proceedings do not lie to gain relief from an alleged'illegal arrest.
, “This Court, after due consideration, is of the opinion that prohibition does not lie to test the jurisdiction of the- trial court over a person of the defendant when the trial court has jurisdiction over the subject matter of the offenses. The record affirmatively showed that the Metropolitan Court, in and for Dade County, Florida, does have jurisdiction over the subject matter, to-wit: Section 21-20(a), 21-20(b), 21-20(c), and 21-26 of the Code of Metropolitan Dade County, Florida.
“A person who raises questions of jurisdiction of his or her person is not prejudiced by participating in the trial and defending the matter on the merits and may obtain a review of the question of jurisdiction upon appeal.
“It is, therefore, the opinion and judgment of this Court that petitioners have misconceived their remedy. They have an adequate remedy by appeal, if they so desire.”
See also State ex rel. Ferre v. Kehoe, Fla. App.1965, 179 So.2d 403.
Affirmed.