OWEN, Judge.
Appellant, a foreign corporation not qualified to transact business in Florida, brings this interlocutory appeal to review an order denying its motion to quash the purported service of process upon it.
The trial court found that service was made under the provisions of F.S.1967, Section 48.081(2), F.S.A. by serving an agent transacting business for the corporation in this state. Appellant contends that neither the return to the summons[1] nor the facts established at the hearing on the motion [2] showed the absence of all members of a superior class, which is a condition precedent to the validity of service upon a member of any inferior class.
The trial court’s order recognized that the return to the summons failed to reflect the absence of all members of a superior class, but nonetheless found that based upon “stipulation in open court between counsel of both parties” there were no members of any superior class to be served in the State of Florida. The court concluded that this factual finding cured the defects in the return.
Our examination of the transcript of the hearing and the colloquy between court and counsel, convinces us that counsel for appellant did not stipulate that all members of the superior classifications of persons were absent from the state at the time of service of process. However, aside from the stipulation there was sufficient evidence before the lower court from which it might be reasonably found that there were no members of any superior class to be served in the State of Florida at the time of service of process. The order being sustainable under this theory, it is affirmed. [3]
Affirmed.
WALDEN, C. J., and CROSS, J., concur.

. Drew Lumber Co. v. Walter, 1903, 45 Fla. 252, 34 So. 244.

. Largay Enterprises, Inc. v. Berman, Fla. 1952, 61 So.2d 366.

.Smith v. Bettinghaus, Fla.App.1965, 178 So.2d 201.