PER CURIAM. .
This cause comes before this court on the relator’s suggestion for a writ of prohibition, to prohibit the respondent from ordering the relator to submit to a mental examination under Fla.Stat. § 917.-14(1) (b), 23 F.S.A.
An information was filed charging the relator, Billy Ladon Rash, with incest and contributing to the delinquency of a minor. Pursuant to the State’s motion, the court ordered a psychiatric evaluation to determine whether the relator is a mentally disordered sex offender.
The respondent then filed his suggestion for a writ of prohibition, contending that Chapter 917 of the Florida Statutes denies his fifth and sixth amendment rights in that it requires that all questions in the examination be answered under threat of contempt of court, and it does not authorize the presence of an attorney. He further contends that it violates fundamental due process because its terms are vague and ambiguous.
Prohibition is a prerogative writ by which an court having appellate and supervisory jurisdiction over an inferior court or tribunal may prevent the latter from usurping or exercising jurisdiction with which it has not been invested by law. This writ may be employed to restrain the exercise by an inferior court of jurisdiction which it does not possess, or to restrain action which is in excess of jurisdiction possessed. Prohibition is not to be employed as a substitute for appeal or cer-tiorari, but it may be invoked for the purposes defined in the absence of those or another adequate remedy. Crill v. State Road Department, 1928, 96 Fla. 110, 117 So. 795, 797; State ex rel Davis v. Love, 1930, 99 Fla. 333, 126 So. 374, 376; Curtis v. Albritton, 1931, 101 Fla. 853, 132 So. 677, 679; State ex rel Ferre v. Kehoe, Fla.App. 1965, 179 So.2d 403.
The matters raised in the relator’s suggestion for writ of prohibition are premature. The question of constitutionality of the subject statute does not go to the fundamental jurisdiction of the court; it is merely a question of law which will become necessary for the court to decide during the conduct of its proceedings.
To grant the writ at this stage would be tantamount to a holding that the circuit court is prohibited from acting on a statute, the constitutionality of which is denied or attacked by the defendant, merely because the court might decide erroneously. It would be testing the constitutional question in advance. To date, the. relator has not yet been denied due process of law.
Therefore, for the reasons above stated, the suggestion for writ of prohibition be and the same hereby is denied.
Denied.