2 F.3d 1161
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dale R. SMITH, Plaintiff-Appellant,
v.
Thomas COOPER, Lou Hesse, Defendants-Appellees.
 No. 93-1124.
 United States Court of Appeals, Tenth Circuit.
 Aug. 9, 1993.
 
 Before McKAY, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 In this appeal, Dale R. Smith, an inmate of the Colorado Department of Corrections, appearing pro se, argues that the district court erred in dismissing his 42 U.S.C. Sec. 1983 complaint for failure to state a claim for relief.
 
 
 3
 Smith filed the action seeking money damages and injunctive and declaratory relief alleging that prison officials had deprived him of access to the courts and the right to correspond with his family and friends by charging his prison account for postage.
 
 
 4
 On appeal, Smith sets forth the issue as (a) whether he receives any free legal mail postage, and if not, (b) whether the case authority as cited by the lower court was appropriate, and if not, (c) whether the question of "no unlimited right to free postage" was applicable, and if not, (d) whether the district court erred in basing its dismissal of his complaint based on inapplicable, superseded DOC rules and inappropriate case cites, and if so, (e) whether he should be entitled to an evidentiary hearing on this issue.
 
 
 5
 We affirm substantially for the reasons set forth in the Recommendation of United States Magistrate Judge filed February 17, 1993, and the district court's Order Adopting Magistrate's Recommendation, filed March 23, 1993, attached hereto.
 
 
 6
 AFFIRMED. The mandate shall issue forthwith.
 
 ATTACHMENT
 
 7
 Civil Action No. 93-F-316.
 
 
 8
 Filed March 23, 1993.
 
 ORDER ADOPTING MAGISTRATE'S RECOMMENDATION
 
 9
 SHERMAN G. FINESILVER, Chief Judge.
 
 
 10
 This case involves allegations of constitutional and civil rights violations under 42 U.S.C.A. Sec. 1983 (West 1981). Jurisdiction is based on 28 U.S.C.A. Sec. 1331 (West Supp.1992). This matter comes before the Court on a Recommendation of United States Magistrate Judge filed February 17, 1993. For the reasons set forth below, we ADOPT the Magistrate Judge's recommendation and DISMISS Plaintiff's Complaint.
 
 I. BACKGROUND
 
 11
 Plaintiff, who is currently incarcerated at Fremont Correctional Facility, Canon City, Colorado, instituted this action alleging violations of his constitutional rights under 42 U.S.C.A. Sec. 1983 (West 1981). Plaintiff claims that he has been denied access to the courts because the Department of Corrections ("D.O.C.") provides him inadequate postage for legal mail. Plaintiff also states that his right to equal protection of the laws has been violated under the Fourteenth Amendment to the United States Constitution. Plaintiff has also filed a Motion for Temporary Restraining Order and/or Preliminary Injunction.
 
 
 12
 Pursuant to United States District Court for the District of Colorado Local Rules of Practice 72.1 and 72.4, this matter was referred to Magistrate Judge O. Edward Schlatter. On February 17, 1993, the Magistrate Judge filed his recommendation that Plaintiff's Complaint should be dismissed because it fails to state claims upon which relief can be granted. Plaintiff has filed an Amended Complaint and Objection to Referral to the United States Magistrate Judge, but has not objected to the Magistrate Judge's recommendation substantively. We have fully reviewed the Recommendation of United States Magistrate Judge, Plaintiff's Complaint, Objection and Amended Complaint.
 
 II. STANDARD
 
 13
 A complaint should not be dismissed under Fed.R.Civ.P. 12(b)(6) unless a plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Tri-Crown, Inc. v. American Fed. Sav. & Loan Ass'n, 908 F.2d 578, 582 (10th Cir.1990). The court must accept all factual allegations as true and must draw all reasonable inferences in favor of the nonmoving party. Scheuer, 416 U.S. at 236. All of the plaintiffs' pleadings must be liberally construed. Swanson, 750 F.2d at 813. As long as plaintiffs offer evidence in support of a legally recognized claim for relief, motions to dismiss must be denied. Hiatt v. Schreiber, 599 F.Supp. 1142, 1145 (D.Colo.1984). Furthermore, when evaluating a plaintiff's pro se complaint, we must afford it liberal construction. Haines v. Kerner, 104 U.S. 519, 520-21 (1972).
 
 III. ANALYSIS
 
 14
 To state a claim under 42 U.S.C. Sec. 1983, Plaintiff must prove that Defendants, while acting under color of state law, deprived him of a right secured by the Constitution and laws of the United States. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988). Plaintiff's Complaint can be dismissed only if it alleges no set of facts which would support a federally cognizable section 1983 claim. Meade, 841 F.2d at 1526. The Magistrate Judge correctly found that Plaintiff's Complaint fails to state cognizable Sec. 1983 claims. We will address each of Plaintiff's contentions in turn.
 
 
 15
 A. OBJECTION TO REFERRAL TO MAGISTRATE JUDGE
 
 
 16
 Under 28 U.S.C.A. Sec. 636(b)(1)(B) (West Supp.1992), the Court may designate a Magistrate Judge to make findings of fact and recommendations regarding "prisoner petitions challenging conditions of confinement." Plaintiff argues that whether he receives postage for legal mail does not constitute a "condition of confinement" and therefore the Magistrate Judge had no authority or jurisdiction to file his recommendation. We disagree.
 
 
 17
 A "condition of confinement" is any ongoing prison practice and regulation impacting confinement itself, not a challenge to the fact or duration of confinement. McCarthy v. Bronson, 111 S.Ct. 1737 (1991); Clark v. Poulton, 914 F.2d 1426, 1429 (10th Cir.1990). In the case at bar, Plaintiff claims that the D.O.C. regulations permitting only certain individuals limited postage for legal mail violates his access to the courts and equal protection of the laws. Under prison regulations, Plaintiff is provided only limited assistance in gaining access to the courts. These regulations are continuing in nature and are a direct result of Plaintiff's confinement, but do not impact the fact or duration of his confinement. As such, this matter was properly referred to the Magistrate Judge for his findings and recommendation.
 
 B. ACCESS TO THE COURTS
 
 18
 Under D.O.C. Administrative Regulations, indigent prisoners are permitted to send two free legal letters per week. This is sufficient because "[p]risoners do not have an unlimited right to free postage in connection with the right of access to the courts." Twyman v. Crisp, 584 F.2d 352, 359 (10th Cir.1978). See also Harrell v. Keohane, 621 F.2d 1059, 1061 (10th Cir.1980). Furthermore, it is well settled that reasonable regulations may be imposed to effectuate budgetary considerations. Twyman, 584 F.2d at 359. In light of these legal principles, Plaintiff has not stated a viable claim that Defendants have denied him access to the Courts. Defendants' regulations establishing qualifications for indigency and permitting two free legal letters per week for indigent prisoners are constitutional.
 
 C. EQUAL PROTECTION
 
 19
 Plaintiff fails to allege that he is a member of a protected class or that he is a member of a class that is being treated differently than another class in such a manner as to result in a constitutional deprivation. In his Amended Complaint, Plaintiff states that
 
 
 20
 he is being treated differently from other similarly situated indigent inmates in that other indigent inmates are able to mail out legal mail without losing the full amount of their H & W (Health and Welfare) pay, without being denied the opportunity, mandated by prison regulation, to purchase hygiene supplies, and without incurring a substantial debt for legal postage.
 
 
 21
 Amended Complaint at p 102. Plaintiff fails to set forth any facts to support this conclusory allegation. He does not state how other similarly situated indigent inmates are able to send legal mail without depleting their prison accounts. It appears to the Court that Plaintiff is merely sending out more mail than his counterparts and this results in his account being depleted while other indigent inmates' accounts are not. For example, on Plaintiff's February 1, 1993, Statement of Account Activity eight separate charges were made to Plaintiff's account for postage. Amended Complaint, Plaintiff's Exhibit S. Likewise, the March 1, 1993, reflects seven different postage charges. Amended Complaint, Plaintiff's Exhibit T. Plaintiff provides no records or factual basis for this Court to conclude that other inmates who receive similar H & W payments are given more free legal postage than Plaintiff. As such, Plaintiff's equal protection claim must be dismissed.
 
 IV. ORDER
 ACCORDINGLY, it is ordered that:
 
 22
 1) The Recommendation of United States Magistrate Judge filed February 17, 1993, is ADOPTED;
 
 
 23
 2) Plaintiff's Complaint is DISMISSED;
 
 
 24
 3) The Motion for Temporary Restraining Order and/or Preliminary Injunction filed February 9, 1993, is DENIED.
 
 
 25
 Civil Action No. 93-F-316.
 
 
 26
 Filed Feb. 17, 1993.
 
 
 27
 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
 
 
 28
 SCHLATTER, United States Magistrate Judge.
 
 
 29
 Plaintiff Dale R. Smith currently is in the custody of the Colorado Department of Corrections (the "D.O.C.") at the Fremont Correctional Facility, Canon City, Colorado. He initiated this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. Sec. 1983, alleging that his Sixth Amendment right to access to the courts and Fourteenth Amendment right to equal protection under the United States Constitution are being violated. He seeks declaratory and injunctive relief, and money damages. He also has filed a motion for a temporary restraining order or a preliminary injunction, and a Fed.R.Civ.P. 65(c) motion to dispense with the requirement of security.
 
 
 30
 Pursuant to Local Rule 72.4 of the Local Rules of Practice of the United States District Court for the District of Colorado, this matter has been referred to Magistrate Judge O. Edward Schlatter. The Magistrate Judge has reviewed the complaint and the applicable law, and RECOMMENDS that the complaint be DISMISSED. A Magistrate Judge lacks authority under 28 U.S.C. Sec. 636(b) to enter an order on the motion for injunctive relief. However, based upon the recommendation that the complaint be dismissed, the Magistrate Judge RECOMMENDS that the motions be DENIED.
 
 
 31
 The gist of Mr. Smith's complaint is that he has limited funds, and he is having to choose between paying for postage stamps for legal mail, and paying for hygiene items and personal postage stamps. He states that, when he mails legal documents, he get some free postage from the prison but the rest is debited to his prison inmate account. As a result, funds in the inmate account, which he alleges are received from a Health and Welfare Monthly Maintenance stipend earmarked for purchase of hygiene items and personal postage stamps, have been debited to cover the excess cost of postage necessary for prosecuting Smith v. Gunter, No. 92-F-1953. As a result, his inmate account had a balance of $.63 as of January 15, 1993, and he is unable to pay for hygiene items and personal postage from the prison canteen.
 
 
 32
 A pro se litigant's complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979). A complaint must be dismissed if, accepting the allegations as true, it appears beyond doubt that the plaintiff can prove no set of facts to support his claim or claims that would entitle him to relief. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988). See also McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir.1991). To state a valid claim under 42 U.S.C. Sec. 1983, a plaintiff must allege that the defendants deprived him of a right secured by the United States Constitution while they acted under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).
 
 
 33
 Mr. Smith's challenge to the prison's stamp policy as violative of his constitutional right to court access is meritless. D.O.C. Administrative Regulation 1100-1 provides that indigent inmates are permitted to send two free letters per week. "Prisoners do not have an unlimited right to free postage in connection with the right of access to the courts." Twyman v. Crisp, 584 F.2d 352, 359 (10th Cir.1978). "Reasonable regulations are necessary to balance the rights of prisoners with budgetary considerations." Id. States are not required to pay the postage on every item of legal mail each prisoner wishes to send. Id. Additionally, Mr. Smith fails to support with facts allegations that he was denied the opportunity to mail legal letters, or that he was denied access to the courts. See Id.; see also Collins v. Cundy, 603 F.2d at 827. To require a prisoner who wishes to prosecute a legal action to have to choose occasionally between stamps and hygiene items is "certainly no more a restriction than that which any indigent pro se non-prisoner must face." Twyman v. Crisp, 584 F.2d at 359.
 
 
 34
 Mr. Smith's equal protection claim is equally without merit. Equal protection claims arise when, without adequate justification, similarly situated persons are treated differently by a governmental entity, or when dissimilarly situated persons are treated alike. See J. Gobert and N. Cohen, Rights of Prisoners, Sec. 10.00 at 288 (1981). Here, Mr. Smith fails to allege that he is being treated in a manner unequal to other D.O.C. inmates. He also fails to allege he is a member of a constitutionally protected group. Ruark v. Solano, 928 F.2d 947, 949 (10th Cir.1991) (citing L. Tribe, American Constitutional Law 1437-38 (2d ed. 1988)).
 
 
 35
 It therefore is RECOMMENDED that the complaint be DISMISSED.
 
 
 36
 The Magistrate Judge further RECOMMENDS that the motions be DENIED.
 
 
 37
 Further, the parties shall have ten days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed.R.Civ.P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. Sec. 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir.1986).
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3