D. K. DICKINSON, J. H. DICKINSON, C. H. DENNEY, and C. A. VINCENT v. FREDERICK W. RAICHL.

163 So. 217.
Opinion Filed September 23, 1935.
Rehearing Denied October 12, 1935.

*George P. Garrett,* for Appellants;
*Whitfield, Wright & Whitfield,* for Appellee.

TERRELL, J.—In October, 1930, the appellee, Frederick W. Raichl, recovered a judgment in common law action in the Circuit Court of Pasco County against appellants, D. K. Dickinson, J. H. Dickinson, O. H. Danny, and C. A.

Vincent. On writ of error to this Court said judgment was affirmed Per Curiam without opinion. It was recorded in Pasco and Orange Counties and Raichl undertook to enforce it in the latter county where the defendants lived and owned some property.

This suit in chancery was brought by the defendants in the common law action against Raichl, the plaintiff, seeking to restrain him from enforcing his common law judgment and to remove the cloud of said judgment upon the title of properties belonging to said defendants located in Orange County. Answer to the bill of complaint was entered, testimony was taken, and on final hearing the bill was dismissed. The instant appeal is from the final decree.

Appellants contend that the judgment in the common law action was void and cannot be enforced because the judge who entered it was, prior to his elevation to the bench, counsel for the defendants and represented them in the transactions out of which the controversy giving rise to the said common law action arose.

To resolve this contention the following facts are pertinent: In June, 1925, D. K. Dickinson, J. H. Dickinson, O. H. Denney, and C. A. Vincent, appellants, purchased for cash from A. K. LaMotte the fee in seventy acres of land in Pasco County. In February, 1926, the same vendees purchased the fee in ten acres of land in Pasco County from Frederick W. Raichl. The latter ten acres lay adjacent to the seventy acres purchased from LaMotte and the consideration for it was $20,000.00, of which $6,668.00 was paid in cash and the deferred payments were represented by three promissory notes of $4,444.00 each and were secured by a purchase money mortgage on the lands.

In November, 1926, the said vendees executed to Burns-Becker Realty Company, a corporation, an option to pur-

chase both said parcels of land for $100,000.00. In February, 1927, Burns-Becker Realty Company exercised its right to purchase under said option and by agreement with the optionor the vendees joined by their wives executed a warranty deed to said lands to Jasmine Point Golf Club, Inc., which assumed the Raichl mortgage and executed its promissory notes for the balance of the purchase price, securing same with a mortgage on the property. None of the notes representing either sale were paid except a portion of the series executed to Raichl. Raichl did not foreclose his mortgage, but brought the common law action referred to in the forepart of this opinion against the vendees in Pasco County and secured the judgment which he now seeks to enforce in Orange County.

When Raichl sold the ten acres to the vendees who are appellants here, O. L. Dayton was a practicing attorney in Pasco County, Florida, and was employed by the vendees to examine and approve the title to said lands. He also drew the option executed by the vendees to Burns-Becker Realty Company which provided in terms that said option "shall be closed through O. L. Dayton, representing the optionors." In May, 1929, when Raichl brought his common law action O. L. Dayton had been elevated to the position of Judge of the Circuit Court of Pasco County. Raichl employed his brother, George W. Dayton, to bring said action. O. L. Dayton sat as judge in said cause, considered and settled all the pleadings, tried the cause, and entered judgment in favor of Raichl. In the course of the pleadings the said judge overruled pleas of discharge grounded on an extension agreement filed by the vendees so the only plea on which the common law action went to trial was one that the plaintiff had not obligated himself to pay an attorney's fee.

Appellants now contend that the judgment in the common law action is void and cannot be enforced because the trial court was, by reason of his relation to counsel for Raichl, disqualified to consider and enter said judgment, and for the reason that he was counsel for appellants in the transactions giving rise to said cause. The chancellor held that due to failure of the defendants to raise the question of the court's qualification due to his relation to counsel for Raichl that said objection was waived and could not be raised in this suit. On the question of his disqualification because of having been counsel for appellants in the transactions giving rise to the common law action the chancellor held that such was a disqualification, but that the objection not having been seasonably raised the judgment was voidable rather than void.

Section 2525, Revised General Statutes of 1920, Section 4152, Compiled General Laws of 1927, being the law when the common law action accrued, among other things provides that no judge shall sit in a cause who is related within the third degree by consanguinity or affinity to the attorney for either party, provided that such disqualification be made to appear that it may be waived by stipulation, and will be deemed as waived unless objection on account of such disqualification shall have been filed in writing at or before the commencement of the trial.

In this case it was known by both parties at the time of the trial and before that George W. Dayton was a brother of Judge O. L. Dayton, but no objection was then raised and no objection was filed in writing as the law requires suggesting such disqualification. It was consequently waived and cannot be raised at this time.

As to the disqualification of Judge O. L. Dayton on the ground that he had previously acted as counsel for the ap-

pellants in the transactions giving rise to the common law action, the record discloses that such disqualification is not made to appear and can be ascertained only by the introduction of matters outside the record. It is shown that counsel who represented appellants in the common law action knew at the time that Judge O. L. Dayton had represented them (appellants) in the transactions giving rise to it. The pleadings in the instant suit also disclose that plaintiffs knew of the prior relationship of Judge Dayton to the appellants, yet the fact of such disqualification was not raised in the common law action nor was it suggested by anyone until the institution of this suit three years after.

The status of disqualification as previously quoted does not in terms disqualify a judge who has previously acted as counsel for one of the parties to a cause. It follows that if Judge Dayton was disqualified as contended his disqualification was a common law and not a statutory one. Being so, can such a disqualification be waived and if timely objection is not made to the judgment so entered is it void or merely voidable.

Section 2528, Revised General Statutes of 1920, Section 4155, Compiled General Laws of 1927, provides that all judgments, decrees, and orders heretofore or hereafter rendered in causes where the disqualification appears of record shall be void, but where the disqualification does not appear they shall not be subject to collateral attack. The disqualification of Judge Dayton does not appear of record and this being a collateral attack the judgment under the statutes is invulnerable to it.

Chapter 16053, Acts of 1933, is a complete revision of the law on the subject of the disqualification of judges, and Section Eleven provides that all orders, judgments, and decrees heretofore entered by any judge of this State in any

cause wherein the disqualification of such judge does not appear of record shall be valid for all purposes whatsoever unless the disqualification of such judge be made to appear of record therein within One Hundred, Eighty days from the date of the passage of this Act.

Chapter 16053 became effective on its approval by the Governor May 22, 1933. The record in the common law action as originally made did not show the disqualification of Judge Dayton, the time for doing so expired before the bill of complaint in this cause was filed, and to this date the common law record does not disclose such disqualification. Under the facts shown to exist if the order complained of was invalid Chapter 16053 would cure its invalidity.

But it is contended by appellants that Chapter 16053 is invalid in that it violates Section Sixteen of Article Three of the Constitution, that it has no reference to orders, judgments, and decrees previously entered, and that it applies only to orders, judgments, and decrees referred to in Sections 4152 to 4155, Compiled General Laws of 1927.

We do not think the challenge to the constitutional validity of Chapter 16053 is well grounded nor do we think that it is burdened with the restricted meaning that the appellant would give to it. It is general in its application and the title is ample to contemplate the subject matter of the Act.

Under the common law the acts of a disqualified judge were subject to vacation or reversal, were generally held to be voidable rather than void, and were not subject to collateral attack. It was also required that they be moved against promptly, otherwise the right would be lost. 33 C. J., Sec. 180, Page 1113, 33 C. J., Sec. 201, Page 1022. This being a common law disqualification, that rule must govern.

Fraud or misrepresentation in the procurement of the common law judgment complained of is not alleged, though both parties to the cause knew of Judge Dayton's alleged disqualification at the time the action was brought and when the judgment was procured and did not raise it. They waited three years and now seek to take advantage of it without assigning any reason for the delay. It was, therefore, waived and they are now estopped to raise it.

The judgment below is accordingly affirmed.

Affirmed.

WHITFIELD, C. J., and BROWN, BUFORD and DAVIS, J. J., concur.