H. C. STORRS v. R. W. STORRS, M. H. PRESCOTT, Sheriff of Walton County.

170 So. 728.
Division B.
Opinion Filed November 18, 1936.

*Wm. W. Flournoy,* for Petitioner;
*Glenn Bludworth,* for Respondents.

TERRELL, J.—R. W. Storrs, as plaintiff, secured a judgment against H. C. Storrs, as defendant, in a possessory action brought pursuant to Section 5398, Compiled General Laws of 1927, the property involved being the building lo-

cated on Number 13, Seventh Street, DeFuniak Springs, Florida, known as the Breeze office. Writ of possession was issued and the plaintiff placed in possession of the premises.

After service of the writ and delivery of the property to the plaintiff, defendant filed his Petition for Rehearing and for restitution of the property to him. This Petition was denied, but the County Judge of Walton County, before whom the action was brought, later entered his order of disqualification in the cause and voided the order denying the Petition for Rehearing.

Defendant then called up his Petition for Rehearing before the County Judge of Holmes County who entered his judgment and writ commanding the restoration of the premises to him. At this juncture plaintiff filed his bill of complaint in the Circuit Court praying that the sheriff of Walton County be restrained from executing the order of restitution in favor of defendant. A motion to dismiss the bill of complaint was denied and the prayer for temporary restraining order was granted conditioned on posting bond in the sum of $800.00 payable to defendant. Final judgment was entered June 19, 1936, in which the temporary restraining order was made permanent and costs were assessed against defendant.

The cause was brought here by certiorari on petition of defendant as relator and now comes on to be heard on motion of plaintiff as respondent to supersede or quash the writ.

Respondent contends that the judgment of the County Judge of Holmes County was without authority, that the Circuit Court had jurisdiction of the subject matter and the parties and was authorized to restrain its enforcement, that no excess of jurisdiction is shown, and that if relator

had any relief it was by appeal rather than by certiorari. Relator contends that even if he had a remedy by appeal if it was not complete and adequate he may resort to certiorari. He further contends that the remedy by appeal is not adequate in the case at bar because the docket of this Court is in such congested condition that the appeal would not be reached for a year or more and on account of the nature of the cause a delay would impose an undue hardship on him.

We express no opinion as to the force or application of the rule attempted to be invoked. Circumstances might arise in which we would permit its application but such circumstances are not shown to exist in this case. If that rule is applicable here, then it would doubtless be applicable to the major portion of the cases brought to this Court.

But even if certiorari were applicable, we have reached the conclusion that the writ would have to be quashed. Relator contends that in restraining the execution of the order of restitution entered by the County Judge of Holmes County the Circuit Judge exercised an arbitrary power that was beyond his jurisdiction and amounted to usurpation.

This is the ultimate question to be decided and it turns on the further question of whether or not the County Judge of Holmes County was empowered to enter the order of restitution. If he was not the Circuit Judge was authorized to restrain its enforcement.

It is admitted that the order of restitution was made in compliance with Section 2681, Revised General Statutes of 1920, Section 4348, Compiled General Laws of 1927, which Relator contends is the controlling law on the subject and is as follows:

"Whenever the judge of any court, other than the Supreme and criminal courts of record, shall be unable, from

absence, sickness or other cause, or shall be disqualified from interest or any other cause, to discharge any duty whatever appertaining to his office, which may be required to be performed in vacation or between terms, it shall be the duty of any other judge of a court of the same jurisdiction as the court in which the cause is pending, on the application of any party to perform such duties, and hear and determine all such matters as may be submitted to him, and such judge may discharge such duties either in his own or any other jurisdiction, and shall be substituted in all respects in the place instead, in the matter aforesaid, of the judge unable or disqualified to act."

This provision was originally Section 4 of Chapter 373, Acts of 1851. Was it repealed and superseded by Section 10 of Chapter 16055, Acts of 1933, which is as follows:

"Every judge of this State shall upon the entry of an Order of Disqualification mail a copy of said order to the Governor. Upon receipt of a copy of such Order the Governor shall thereupon designate another Judge to hear said cause. The original of such designation by the Governor shall be mailed therewith to the Clerk of the Court in which said cause is pending and shall be by said Clerk filed in the cause. In designating another Judge the Governor shall have consideration for the convenience of parties and their counsel. Provided, however, that in the event any Judge shall be disqualified as herein provided, upon application for any temporary writ of injunction or habeas corpus, he shall immediately enter an order of disqualification, whereupon said cause may be presented to any other Judge of a Court of the same jurisdiction as the Court in which said cause is pending, and it shall be the duty of any such Judge to hear and determine such matters until such substitute judge is so designated."

The latter Act treats the same subject matter as Section 4348, Compiled General Laws of 1927, and as was held in Dickinson, et al., v. Raichl, 120 Fla. 907, 163 So. 217, was a complete revision of it. It requires every judge of this state upon the entry of an order of disqualification to mail a copy to the Governor who shall on receipt thereof designate another judge to hear the cause. It makes an exception of cases in which temporary restraining orders are sought but otherwise leaves no field for the operation of Section 4348, Compiled General Laws of 1927, where the judge has certified his disqualification as was done in this case. We are, therefore, of the opinion that it repeals by implication the latter act when any judge enters his disqualification and is now the law in effect on the subject. It also repeals by implication Section 5187, Compiled General Laws of 1927.

It is shown that on suggestion the County Judge of Walton County entered his disqualification to act in the cause. The County Judge of Holmes County was not designated by the Governor to hear it. He was, therefore, without jurisdiction to make the order of restitution. Its enforcement was properly restrained.

The motion to quash the writ is granted.

It is so ordered.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.