HON. OTIS M. COBB, etc., and HARRY SEGERSTROM v. STATE OF FLORIDA, *ex rel.* J. J. PITCHFORD

3 So. (2nd) 855
Special Division A
Opinion Filed September 16, 1941
Rehearing Denied October 3, 1941

*Carroll Dunscombe,* of Stuart, Florida, for Plaintiffs in Error.

*B. K. Roberts* and *Rodney L. Durrance,* of Tallahassee, and *E. S. Willes* of Fort Pierce, Florida, for defendant in Error.

WALKER, Circuit Judge—On August 26, 1940, a suggestion for writ of prohibition was presented to the Honorable Alto Adams, then Circuit Judge in and for the Ninth Judicial Circuit of Florida, alleging under oath, among other things, that by an Executive Order, dated April 24, 1940, Honorable Flem C. Dame, Judge of the County Court of St. Lucie County, Florida, had been designated and appointed by the Governor of Florida to proceed to Stuart in Martin County, Florida, on May 14, 1940, and there remain as long as was necessary to conduct the trial of a civil case then pending in the County Court of Martin County, Florida, wherein Harry Segerstrom was plaintiff and J. J. Pitchford was defendant; that Judge Dame as such judge did, pursuant to said Executive Order, assume jurisdiction of said cause, and on the oral motion of the defendant in open court continued the same upon the ground that the cause had not been properly placed upon the trial docket for trial; that on July 9, 1940, the Clerk of the Circuit Court of

Martin County received what purported to be an order revoking the Executive Order dated April 24, 1940, by which Judge Dame was assigned to try the case, and on the same date received also what purported to be another Executive Order appointing Otis M. Cobb, Judge of the County Court of Indian River County, to conduct the trial; that, pursuant to such purported order Judge Cobb proceeded on July 10, 1940, to Stuart, in Martin County, and attempted to assume jurisdiction over the protest of Pitchford, defendant in the civil case, and announced he would set the case before him for trial at Stuart on August 27th.

The suggestion also clearly alleged the two purported Executive Orders, by which it was sought on the one hand to revoke the previous Executive Order assigning Judge Dame to try the case, and, on the other, to substitute Judge Cobb, were not signed by the Governor and were unauthorized and void; that Judge Dame, as judge *pro hac vice,* after assuming jurisdiction was recognized by both parties in the case as judge *de facto;* that he did not disqualify himself as judge *pro hac vice* in said cause, and that "no proceedings whatsoever under the law have been had, or taken whereby he is disqualified to hear, try and determine, or otherwise act as judge *pro hac vice* therein."

It was further averred that the Honorable Otis M. Cobb was seeking to assume jurisdiction of said cause, and unless prohibited therefrom would unlawfully assume jurisdiction and hear, try and determine the case, although he was without lawful authority in the premises.

Upon presentation of the suggestion, the Circuit

Judge granted an alternative writ of prohibition
directed to Judge Cobb, as Judge of the County Court
of Indian River County, and Harry Segerstrom, plain-
tiff in said cause, prohibiting Judge Cobb from
assuming jurisdiction in the premises, or, in the alter-
native, directing him, together with Segerstrom, to
show cause before the said Circuit Judge at Fort
Pierce at 10 o'clock a. m., September 6, 1940, why he
should not be peremptorily prohibited therefrom.

Both the suggestion and the alternative writ of
prohibition were filed in the Clerk's office on August
27, 1940, and, while the writ was duly served upon
Cobb and Segerstrom, no return, answer or other
pleading was interposed by either of them, and, con-
sequently, on September 9, 1940, after motion had
been duly made therefor, the Circuit Judge entered
final judgment in and by which Judge Cobb was per-
emptorily prohibited from assuming jurisdiction in
said civil case, and Segerstrom was peremptorily
prohibited from prosecuting or attempting to prose-
cute said action before Judge Cobb.

Motion to set aside the judgment was filed and
thereafter on argument of counsel for the respective
parties was denied April 9, 1941, *nunc pro tunc* as of
September 28, 1940, whereupon Segerstrom took writ
of error to this court, assigning as error, among other
assignments, the action of the Circuit Judge in grant-
ing the alternative writ upon the showing made and
the action of the Circuit Judge denying respondent's
motion to set aside the judgment.

Since no return, answer or other pleading was inter-
posed by either Cobb or Segerstrom we are of the
opinion only one question of importance is presented,
namely, did the suggestion for the writ of prohibition

state a prima facie case? Suffice it to say, without prolonging this opinion, the suggestion presented a prima facie showing. Obviously, the court had jurisdiction over the subject matter and the parties. See Sec. 5450, C.G.L. Fla., 1927, Crandall's Common Law Practice, 1940 Supplement, P. 372, Sec. 473. See also 33 C.J., p. 1029, Sec. 217, wherein it is said:

"If the selection of a special judge is not in accordance with law, there is no judge, consequently no court, and as a sequence there can be no judgment, and the entire proceeding is a nullity."

The respondents by their failure to answer, conceded Judge Cobb was not authorized or designated by the Governor to try the case, and if he was not so authorized or designated, obviously, he was without authority. (See Storrs v. Storrs, 126 Fla. 213, 170 So. 728; also Sec. 4155 [9] of Permanent Supplement to C.G.L. Fla., 1927.)

All assignments of error, including those not specifically referred to, have been carefully examined and no reversible error found. Our conclusion is, therefore, that the judgment of the lower court should be and the same is hereby affirmed.

Affirmed.

BROWN, C. J., WHITFIELD and BUFORD, J. J., concur.