PER CURIAM.
A rule nisi in prohibition was issued on April 28, 1960, by this court, directed to the respondent. No return was made to the rule nisi by the respondent. In this circumstance the only question is whether or not the suggestion for the writ of prohibition stated a prima facie case. See Cobb v. State ex rel. Pitchford, 148 Fla. 149, 3 So.2d 855, 856.
The basis for prohibition as submitted by the suggestion is the contention that the chancellor in an equity suit is proceeding without jurisdiction because a motion to disqualify him was made and erroneously denied.
Notwithstanding such inference as may be drawn from the failure of the respondent to make return to the rule nisi, this court has carefully considered the allegations of the suggestion and the documents in support thereof and holds that the suggestion makes a prima facie showing.
The only order the judge ordinarily may make in such situation is one for his disqualification. See § 38.02, Fla.Stat., F.S.A. However, in order that this case may be progressed, the chancellor involved, being the presiding judge of the court, properly may order transfer of the cause to another judge of that court. Kells v. Davidson, 102 Fla. 684, 136 So. 450.
Accordingly, judgment in prohibition is awarded, but we assume it will not be necessary to issue the writ.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.