REVISED OPINION
PER CURIAM.
By an original proceeding in prohibition the relator seeks a rule absolute to prevent the respondent from conducting an in camera inspection of certain testimony before the Dade County Grand Jury. We must decide whether the statutes of this state provide for the inspection under the circumstances of this case. We hold they do not so provide, and we make the rule absolute.
On 3 May 1969 the respondent judge filed in the Criminal Court of Record in and for Dade County an Order to Show Cause why the Honorable Claude R. Kirk, Jr., and the Honorable Gerald Mager should not be held in contempt of court for conspiring to obstruct the orderly administration of justice in two criminal cases *22 then pending before him. Prior to that date the Dade County Grand Jury had conducted an investigation concerning an affidavit filed by the respondent containing essentially the same allegations of fact as those in the Order to Show Cause. As part of that investigation the Grand Jury took the testimony of the respondent and after the entry of the Order to Show Cause it took the testimony of the two individuals named in the Order to Show Cause.
On 13 May 1969 the Grand Jury filed its final report. On 14 May 1969 the respondent entered an order directing that the testimony of the Honorable Claude R. Kirk, Jr., and the Honorable Gerald Mager before the Grand Jury be transcribed and forwarded to him for an in camera inspection.
On 20 May 1969 the relator, the assigned State Attorney of the Eleventh Judicial Circuit of Florida, filed in this court a suggestion for a writ of prohibition, contending that the respondent had no jurisdiction to enter the order concerning the Grand Jury testimony. This court reviewed the contents of the relator's suggestion and brief and found that the suggestion made a prima facie case for the issuance of a rule nisi as provided by Rule 4.5(d), F.A.R., 32 F.S.A. Thereupon this court ordered the respondent to show cause why the writ of prohibition should not be made absolute and provided for the filing of respondent’s pleadings and brief and relator’s reply brief.
The respondent has filed his brief in opposition to relator’s brief but has not filed a return. In this circumstance the only question is whether the suggestion for the writ of prohibition stated a prima facie case. See Cobb v. State ex rel. Pitchford, 148 Fla. 149, 3 So.2d 855 (1941); State ex rel. Ginsberg v. Wiseheart, Fla.App.1960, 120 So.2d 810.
The basis for prohibition as submitted by the suggestion is the contention that there is no criminal case pending before the respondent which would vest him with jurisdiction to enter such an order, and that therefore the purpose of the order does not come within the provisions of § 905.27, Fla.Stat. (1967),[1] F.S.A. The respondent in his brief does not contend that a criminal case is pending but contends that his authority is derived from the phrase: “ * * * or when permitted by the court in the furtherance of justice.”
We do not find from this record any demonstration that it is necessary in the “furtherance of justice” that the respondent be permitted to secure the grand jury testimony involved. Necessarily, each case involving this particular feature of the statute must turn on its individual facts. We merely hold that upon the state of this record, the suggestion having made a prima facie case, the rule nisi should now be made absolute. Accordingly, the judgment in prohibition is awarded, but we assume it will not be necessary to issue the writ.

. “Testimony not to be disclosed; exceptions. — No grand juror, prosecuting attorney, or special legal counsel, court reporter, interpreter, or any other person appearing before the grand jury, shall disclose the testimony of a witness examined before the grand jury or other evidence received by it except when required by a court to disclose the testimony of a witness examined before the grand jury for the purpose of ascertaining whether it is consistent with that of the witness given before the court, or to disclose the testimony given before the grand jury by any person upon a charge against such person for perjury in giving his testimony or upon trial therefor, or when permitted by the court in the furtherance of justice. Any person violating the provisions of this act shall be guilty of a criminal contempt of court, and punished accordingly.”