CARROLL, Judge.
In this original proceeding in prohibition we issued a rule nisi, and upon final hearing entered an order on January 21, 1971, granting judgment in prohibition against the respondent and issuing a writ of prohibition. It was noted therein that an opinion of this court would follow.
In the suggestion for prohibition, filed in the name of the state by the state attorney as relator, it was alleged that the respondent judge of the criminal court of record in and for Dade County had entered an order on December 16, 1970, for the summoning of a grand jury, and charging that in so acting the court was without jurisdiction and was proceeding in excess of its granted jurisdiction. A copy of the order in question was attached to the suggestion. In the order of the- respondent, the clerk of that court was directed to summon jurors for venires in three ensuing special terms of the criminal court of record (which *466 were provided for in the order) for organization of grand juries therefrom in said three terms “to conduct investigations, make inquiries and recommendations, and, where warranted, return indictment's.” It was provided therein that the order was not to be “construed to affect the present Grand Jury now in attendance upon the Circuit Court of the Eleventh Judicial Circuit of Florida insofar as present criminal investigations are concerned,” but in said order the state attorney was directed that presentments to a grand jury of crimes less than capital offenses should be made by him to the grand juries to be organized by the respondent judge of the criminal court of record (thereby effectively restraining the state attorney from presenting such matters to the circuit court grand jury as he is authorized to do by law).
In response to the rule nisi in prohibition there was filed on behalf of the respondent a motion to dismiss. The motion did not challenge the sufficiency of the suggestion to make a prima facie case, or the propriety of the remedy of prohibition here invoked. The motion to dismiss presented only a contention that the state attorney was without standing to apply for prohibition. Inasmuch as the state attorney was named in and affected in his official capacity by the terms of the order, we denied the motion, by a separate order. See Frederick v. Rowe, 105 Fla. 193, 140 So. 915; Cherry v. Heffernan, 132 Fla. 386, 182 So. 427, 428. No answer or re turn to the rule nisi was filed by the respondent. For that reason alone, the order of this court making the rule nisi absolute and granting the writ of prohibition was proper, based on our determination that the suggestion stated a prima facie case. Cobb v. State ex rel. Pitchford, 148 Fla. 149, 3 So.2d 855; State ex rel. Ginsberg v. Wiseheart, Fla.App.1960, 120 So.2d 810; State ex rel. Gillham v. Phillips, Fla.App.1966, 193 So.2d 26, 27; State ex rel. Oldham v. Baker, Fla.App.1969, 226 So.2d 21, 22. However, the respondent filed a brief, and the matter was considered on the merits, on the briefs with the benefit of oral argument, whereupon we entered judgment in prohibition as indicated above.
Prohibition is a prerogative writ by which a court having appellate and supervisory jurisdiction over an inferior court or tribunal may prevent the latter from usurping or exercising a jurisdiction with which it has not been invested by law. The writ may be employed to restrain exercise by the inferior court of jurisdiction which it does not possess, or to restrain action which is in excess of jurisdiction possessed. Prohibition is not to be employed as a substitute for appeal or certiorari, but may be invoked, for the purposes defined, in the absence of those or another adequate remedy. Crill v. State Road Dep’t., 96 Fla. 110, 117 So. 795, 797; State ex rel. Davis v. Love, 99 Fla. 333, 339, 126 So. 374, 376; Curtis v. Albritton, 101 Fla. 853, 856, 132 So. 677, 679; State ex rel. Ferre v. Kehoe, Fla.App.1965, 179 So.2d 403, 404.
The position taken by the respondent is that because the criminal court of record has original jurisdiction to try crimes less than capital offenses, it has implied jurisdiction to summon and organize a grand jury, to operate as an adjunct of that court, for investigation of and indictment for the crimes which are to be tried therein, and that the exclusive source for prosecutions there, originating by indictments, shall be upon informations based on indictments brought by grand juries organized by and attendant upon the respondent as judge of the criminal court of record.
We have examined the decisions cited and relied upon in the respondent’s order and do not find therein any basis to hold that the criminal court of record has jurisdiction, either impliedly or by legislation, to summon and empanel a grand jury to be attendant thereupon.
It appears from those decisions that the respondent places principal reliance on a dictum of the Supreme Court of Florida made in 1870 in the case of McNealy v. *467 Gregory, 13 Fla. 417, which was repeated as a dictum in Taylor v. State, 49 Fla. 69, 38 So. 380 (1905). Neither of those cases involved the summoning or empaneling of a grand jury. In McNealy the Supreme Court reversed an order which set aside a judgment on a promissory note. The fact that the note was consideration for the purchase of a slave had not been pleaded as a defense in the trial court. After the judgment was entered on the note in 1866, and affirmed by the Supreme Court, it was set aside by order of the trial court because of a constitutional provision invalidating such judgments entered after January of 1861. In reversing, the Supreme Court held that the order setting aside the judgment for that reason amounted to a taking of the plaintiff’s property (the judgment) without due process of law. In Taylor the Supreme Court recognized implied power in the circuit court to appoint a state attorney to present a matter to the grand jury for indictment where the incumbent state attorney refused to act, although the statutory authorization for such substitute appointments was limited to cases of absence or inability of the state attorney to perform his duties.
The dictum stated in McNealy and repeated in Taylor was that a court invested with criminal jurisdiction had a resulting and implied power to summon a grand jury. In each of those cases, as authority for that statement, the Florida Court cited United States v. Hill, 1 Brock 156, 159, Fed.Cas. No. 15,364 (1809). As pointed out by the relator, that case contained no such broad pronouncement. What a United States Circuit Court held in Hill was that because no federal legislation had been enacted for the summoning and organization of grand juries, the federal trial courts which had been given jurisdiction to try criminal cases had implied authority to summon grand juries.
There is no basis or need to imply jurisdiction to a court where such jurisdiction has been provided for by the constitution or legislature and has been granted either to that court or to another court. Therefore, when legislation has made provision for the organization and functioning of grand juries, and has granted to circuit courts the jurisdiction to summon and empanel grand juries, another (inferior) court to which such jurisdiction has not been granted by legislation may not usurp and exercise the same.
Thus in Taylor v. State, 117 Fla. 706, 158 So. 437, 440, the Supreme Court said: “The mode of selecting a grand jury is a matter of statutory requirement. No grand jury can be drawn and organized except pursuant to the requirements of the statute.” Also, as to federal grand juries, after legislation had been enacted covering the summoning and organization of grand juries by federal trial courts, the Supreme Court of the United States, in the case of Ex parte Mills (1890), 135 U.S. 263, 10 S. Ct. 762, 34 L.Ed. 107, 109, said: “A grand jury, by which presentments or indictments may be made for offenses against the United States is a creature of statute. It cannot be empaneled by a court of the United States by virtue simply of its organization as a judicial tribunal.” Implementing that statement, the Supreme Court of the United States held in Mills that a territorial federal court was not within the provisions of the revised statutes relating to the empaneling of grand juries for the district and circuit courts of the United States, and therefore, having been given no legislative authority to summon and organize a grand jury, was without jurisdiction to do so.
The case of State ex rel. Wheeler v. Cooper, Fla.App.1963, 157 So.2d 875, cited In respondent’s order, did not involve any question of jurisdiction to empanel grand juries. It was a proceeding in prohibition by which the relator, claiming double jeopardy, challenged jurisdiction of a criminal court of record to try him. In the opinion in that case the district court of appeal made a statement (part of which was quoted in respondent’s order), as follows: “Criminal courts of record are possessed *468 of inherent power to do all things reasonably necessary for the administration of justice within the scope of their jurisdiction, subject to valid existing laws and constitutional provisions." (Italics supplied.) See to the same effect Keen v. State, 89 Fla. 113, 103 So. 399, 400. The statement of the district court in Wheeler serves to refute, rather than to support the respondent’s contention of implied jurisdiction to summon and empanel grand juries.
The respondent argues that § 876.28 of Chapter 876 Fla.Stat.-, F.S.A. dealing with subversive activities, which authorizes a judge of “any court exercising general criminal jurisdiction” to charge “the grand jury” regarding investigation of certain subversive activities, should be construed as granting jurisdiction to criminal courts of record to summon and empanel grand juries, since those offenses would be triable there. We reject that contention as unsound. First, it is to be observed that the circuit courts are the courts of general criminal jurisdiction [Art. V, Section 6(3)] and that criminal courts of record are subordinate courts of limited and defined jurisdiction [Art. V, Section 9(2)]. Compare State ex rel. Buckheitt v. Butt, 25 Fla. 258, 5 So. 597. But if the reference in the statute to “any court exercising general criminal jurisdiction” is construed to mean criminal courts of record rather than circuit courts, the direction therein that a judge of such court could charge the grand jury necessarily has reference to the circuit court grand jury, since no other is authorized by law. For a judge of the criminal court of record to charge the circuit court grand jury, in that designated and limited respect, might prove awkward, but would not be unfeasible. Moreover, even if, as contended by the respondent, the authority to so charge “the grand jury” required that the criminal court of record summon and empanel a grand jury in order to perform such duty, the scope and use of a grand jury so formed by that court would be limited to the necessity which compelled its organization, that is, to charging it with reference to the subversive activities designated, and to the grand jury’s actions thereon.
The contention by the respondent that the criminal court of record has jurisdiction to summon and organize a grand jury is made notwithstanding the following legal obstacles thereto, namely: (1) that provision for summoning, empaneling and functioning of grand juries in Florida has been amply provided for by legislation;[1] (2) that jurisdiction to summon and empanel grand juries is reposed in the circuit courts;[2] (3) that based thereupon it has been recognized and held that grand juries are made an adjunct of the circuit courts; [3] (4) that under a population statute applicable to Dade County, a grand jury is organized by the circuit court in each term of court, and continues undischarged throughout the term and until a successor grand jury is organized in the ensuing term of the circuit court, and therefore a grand jury of the circuit court is organized and available at all times; [4] (5) that the statute relating to “Drawing jury venire; petit and grand,” which authorizes “a judge of any court of record” (which includes circuit courts and all other courts of record) to summon jurors for jury venires, expressly provides that grand juries may be organized from jury venires only when such jurors are “drawn by or upon order of a *469 judge of the circuit court”;[5] and (6) that express provision is made by constitution, statute and a rule of criminal procedure for indictments by circuit court grand juries for offenses triable in criminal courts of record, with provision for the certification thereof by the circuit court to the clerk of the criminal court of record or to the prosecutor and for the filing of informations based thereon.[6]
In view of the foregoing, the want of jurisdiction of the criminal court of record of Dade County to proceed by and under its challenged order of December 16, 1970, appears clear beyond the need for further elaboration or discussion. This opinion is supplied in explanation and support of the judgment of this court which on January 21, 1971, granted and issued the writ of prohibition.

. Chapter 905 and §§ 40.36 and 40.40 Fla. Stat., F.S.A. And see Constitution, Section 15(a) of Bill of Rights.

. See Constitution, Art. V, § 9(5) and §§ 32.18; 40.36; 905.01(2); 905.21, Fla.Stat., F.S.A.; Rule 1.140(a) (2) Cr.P.R., 30 F.S.A.

. Craft v. State, 42 Fla. 567, 29 So. 418, 419; State ex rel. Guyton v. Croom, 48 Fla. 176, 37 So. 303, 306; Sawyer v. State, 94 Fla. 60, 113 So. 736, 740; Clemmons v. State, Fla.App.1962, 141 So.2d 749, 753; State ex rel. Worthington v. Cannon, Fla.1966, 181 So.2d 346, and concurring opinion at p. 348.

. Chapter 26665 Laws of Florida 1951.

. § 40.36 Fla.Stat., F.S.A.

. Constitution, Art. V, § 9(5) ; § 32.18 Fla.Stat., F.S.A.; Rule 1.140(a) (2) Cr.P.R. In United States v. Hill decided in 1809, cited in the respondent’s order and in this opinion, the court said: “[T]he legislature may enable grand juries to make presentments in one court, of offenses to be prosecuted in another.”