294 So.2d 325 (1974)
The STATE of Florida, Appellant,
v.
Larry Richard DIGMAN, Appellee.
No. 44250.
Supreme Court of Florida.
March 20, 1974.
Rehearing Denied June 5, 1974.
Robert L. Shevin, Atty. Gen., Richard E. Gerstein, State's Atty. and Joseph Durant, Chief Asst. State's Atty., for appellant.
Phillip A. Hubbart, Public Defender, and Roy S. Wood, Jr., Asst. Public Defender, for appellee.
DEKLE, Justice.
This cause presents yet again the issue of the constitutional validity of Ch. 57-550, Laws of Florida 1957, relating to grand juries.[1] The trial court expressly held this statute to be void and of no effect, thus *326 giving rise to a direct appeal to this Court.[2] Art. V, § 3(b)(1), Fla. Const., F.S.A.
Appellee was indicted by a grand jury drawn pursuant to Ch. 57-550 as amended. The method of grand jury selection provided by this act differs from that provided by F.S. § 905.01(1), F.S.A. (which incorporates F.S. Ch. 40, F.S.A.), which statute would control absent Ch. 57-550. Thus, if Ch. 57-550 is void, as was held below, the grand jury which indicted appellant was improperly drawn.
The instant cause presents a different attack on the validity of the act not previously considered, namely, that later amendments to the act converted it into an invalid special act or, alternatively, invalidly attempted to make it an ordinance of Dade County. This attack, like its predecessors, fails.
Briefly, Ch. 57-550 created a 10-member Grand Jury Commission for all counties of more than 450,000 population, provided for qualifications of grand jurors, and set out the method of their selection. Ch. 71-29, Laws of Florida 1971, repealed a vast number of general laws of local application, Ch. 57-550 being named within Ch. 71-29, but § 3(1) of this act providing that such repealed acts "relating to courts" were to become general laws of the state. Of course the grand jury "relates to courts," in fact is an "arm of the court." Section 3(2) provided that the repealed laws affecting a particular county or counties should become ordinances of the affected counties. On Oct. 1, 1972, present § 905.01(1) was enacted, providing that the provisions governing the drawing, summoning and procurement of petit jurors would apply to grand jurors.
Grand juries have historically been considered to be arms of the courts; they not only relate to courts, but are inextricably bound up with them. State ex. rel. Worthington v. Cannon, 181 So.2d 346 (Fla. 1966); State ex rel. Gerstein v. Baker, 243 So.2d 464 (Fla.App.3d, 1971). Although Ch. 57-550 does affect a particular county or counties which § 3(2) of Ch. 71-29 would otherwise convert into an ordinance, it also "relates to courts," and hence is governed by that general statutory exception in § 3(1). Since § 3(1) governs, Ch. 57-550 became a general law of the state by the express terms of the statute, rather than a Dade County ordinance.
Appellee contends that the enactment of F.S. § 905.01(1), F.S.A. impliedly repealed Ch. 57-550; that the two provisions are irreconcilable. We do not think so. Repeals by implication are not favored, and are found to exist only where the two statutes are irreconcilable; furthermore, it is the duty of this Court to uphold the constitutional validity of a statute where possible. Thus, we must attempt to harmonize these statutroy provisions to give effect to both, if possible.
It is recognized that the provisions of the two acts vary in several respects, and that F.S. § 905.01(1), F.S.A., the later enacted of the two statutes, states that the provisions of F.S. Ch. 40, F.S.A. shall apply to grand jurors. In the absence of an express repeal of Ch. 57-550, however, it is our duty to uphold the validity of both acts, if possible. This may be done by construing the provisions of Ch. 57-550 as alternative and cumulative to the provisions of F.S. Ch. 40, F.S.A. as applied to grand juries by F.S. § 905.01(1), F.S.A. In this manner, the provisions of both acts are given effect and we so rule.
Accordingly, the order of the trial court granting appellee's motion to dismiss on the basis of the manner in which the grand jury which indicted appellee was drawn and its members qualified was erroneous, *327 and is hereby reversed and the cause is remanded to the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, which shall permit the defendant to be tried on the reinstated indictment, pursuant to F.S. § 924.37(1), F.S.A.
It is so ordered.
ADKINS, C.J., and ROBERTS and BOYD, JJ., concur.
ERVIN and McCAIN, JJ., dissent.
NOTES
[1] This same chapter was involved in our recent decisions in Seay v. State, 286 So.2d 532 (Fla. 1973); Silva v. State, 286 So.2d 532 (Fla. 1973); Rojas v. State, 288 So.2d 234 (Fla. 1973); and Dykman v. State, 294 So.2d 633 (Fla. 1973). In each of those cases, the statute was upheld as constitutionally valid in the face of numerous and varied attacks.
[2] In deference to the learned judge below, it should be noted that his decision in the instant cause was rendered prior to our decisions in the cited cases, and additionally that it rested upon grounds not present in our above-cited decisions.