QUESTION:
Has the Florida Parole and Probation Commission's statutory responsibility to interview eligible inmates for parole consideration pursuant to ss. 947.16 and 947.17, F. S., been eliminated when the commission enters into a contract parole pursuant to s. 947.135, F. S. (1976 Supp.), with an eligible inmate?
SUMMARY:
The statutory duty imposed upon the Florida Parole and Probation Commission by s. 947.16(3), F. S., that the commission conduct parole interviews with inmates `not less often than annually,' was not abrogated or modified by the enactment of s. 947.135, F. S. (1976 Supp.), and is not abrogated or modified when an inmate enters into a `contract parole' agreement pursuant to s. 947.135.
The 1976 Legislature enacted Ch. 76-274, Laws of Florida (the `Mutual Participation Program Act of 1976'), which has been codified as s. 947.135, F. S. (1976 Supp.). The program created under s. 947.135 is commonly referred to as `contract parole,' and, as stated in the title to Ch. 76-274, was designed to provide a `pilot program whereby the terms of institutional confinement, a guaranteed parole date, the terms of parole supervision, and release from parole are agreed to by the Department of Offender Rehabilitation, the Parole and Probation Commission, and an offender . . . .'
Sections 947.16 and 947.17, F. S., are the primary statutory sections granting to the Parole and Probation Commission the power to grant paroles. In these sections are provided the various procedures, such as hearings and investigations, which are to be followed by the commission in exercising its power to grant paroles. While some matters are placed within the discretion of the commission and some are left to be implemented by rules of the commission, s. 947.16 clearly and expressly imposes upon the commission the duty to interview inmates eligible for parole at least once a year. In the pertinent part of s. 947.16(1), it is provided:
 An inmate who has been sentenced for a term of 5 years or less shall be interviewed by a member of the commission or its representative within 6 months after the initial date of confinement in execution of the judgment. An inmate who has been sentenced for a term in excess of 5 years shall be interviewed by a member of the commission or its representative within 1 year after the initial date of confinement in execution of the judgment. An inmate convicted of a capital crime shall be interviewed at the discretion of the commission.
And, the pertinent part of s. 947.16(3) provides that, `[s]ubsequent to the initial interview [as provided in s.947.16(1), supra], the inmate shall be interviewed for parole at periodic intervals not less often than annually.' (Emphasis supplied.)
I have found in s. 947.135, F. S. (1976 Supp.), no reference to s.947.16 or to the duty therein imposed regarding yearly interviews. There is no language in s. 947.135, or in the title to Ch. 76-274, Laws of Florida, providing that the participation by an eligible inmate in the Mutual Participation Program (so-called contract parole) in any way abrogates or modifies the commission's duty to conduct parole interviews `not less often than annually.'
Since there is no express repeal of the annual interview requirement, an affirmative answer to your question would necessitate my finding that the clear requirement of s. 947.16(3),supra, was repealed by implication by the enactment of s.947.135, supra. In light of the well-established rules of statutory construction with respect to the circumstances under which it is permissible to infer repeal of an earlier statute by a later statute, which rules emphasize the implied repeal is not favored, I am of the opinion that the yearly interview provision of s. 947.16(3) should not be considered to have been repealed by implication in instances where an inmate is participating in `contract parole' pursuant to s. 947.135. In Beasley v. Coleman,180 So. 625, 628 (Fla. 1938), it was stated:
 It is well settled in this jurisdiction that, in order that a court may declare that one statute impliedly repeals another, it must appear that there is a positive repugnancy between the two, or that the last was clearly intended to prescribe the only rule which should govern the case provided for, or that it revises the subject matter of the former. (Emphasis supplied.)
In accord: Ellis v. City of Winter Haven, 60 So.2d 620 (Fla. 1952); State v. Digman, 294 So.2d 325 (Fla. 1974). I find no such `positive repugnancy' between s. 947.16(3) and s. 947.135, nor do I find that s. 947.135 was intended as a revision of the entire parole procedure set forth in ss. 947.16 and 947.17, F. S. Thus, the inference of implied repeal is not warranted. In the absence of any clear indication of legislative intent to the contrary, I am of the opinion that the annual interview duty imposed on the commission by s. 947.16(3) should be complied with, whether or not an inmate has entered into an agreement pursuant to s. 947.135.
Your question is answered in the negative.
Prepared by: Jerald S. Price Assistant Attorney General