PER CURIAM.
Petitioner Karen Haas seeks an Emergency Writ of Prohibition to review the denial of her motion to disqualify the trial judge below. Because Ms. Haas's allegation of ex parte communication forms a prima facie basis for disqualification, we ordered a response. See Brake v. Murphy, 693 So.2d 663, 664 (Fla. 3d DCA 1997) ("We find one point determinative, that being petitioners' argument that when confronted with record evidence of ex parte communication, the trial judge should have granted petitioners' motion for disqualification."). No response was filed. We therefore grant the Emergency Petition for Writ of Prohibition, direct the disqualification of the trial judge, and remand the case for further proceedings. See Daugherty v. McNeal, 643 So.2d 665 (Fla. 5th DCA 1994) (granting a petition for writ of prohibition after no response was filed); State ex rel. Ginsberg v. Wiseheart, 120 So.2d 810 (Fla. 3d DCA 1960) (holding that where no response is filed, the only question is whether the petition for writ of prohibition states a prima facie case). Although we grant the Petition, we assume it will not be necessary to issue a formal writ.