# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**CA FLORIDA HOLDINGS, LLC,** Publisher of **THE PALM BEACH POST,**
Appellant,

v.

**DAVE ARONBERG,** as State Attorney of Palm Beach County, Florida,
and **JOSEPH ABRUZZO,** as Clerk of the Circuit Court
and Comptroller of Palm Beach County, Florida,
Appellees.

No. 4D22-293

[May 10, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Donald W. Hafele, Judge; L.T. Case No. 50-2019-CA-014681-XXXX-MB.

Stephen A. Mendelsohn of Greenberg Traurig, P.A., Fort Lauderdale, Brigid F. Cech Samole of Greenberg Traurig, P.A., Miami, and Katherine M. Clemente of Greenberg Traurig, LLP, New York, New York, for appellant.

Nina D. Boyajian of Greenberg Traurig, LLP, Los Angeles, California, Pro Hac Vice, for appellant.

Michael J. Grygiel of Greenberg Traurig, LLP, Albany, New York, Pro Hac Vice, for appellant.

Collin Doern Jackson, Jennifer Fleming Printz, and Amy Singer Borman, West Palm Beach, for appellee Joseph Abruzzo, as Clerk of the Circuit Court and Comptroller, Palm Beach County, Florida.

PER CURIAM.

CA Florida Holdings, LLC, the publisher of the Palm Beach Post ("the Post"), appeals a final judgment denying the Post's request for access to the grand jury proceedings involving the late Jeffrey Epstein. The Post argues the final judgment should be reversed for three reasons: (1) section 905.27, Florida Statutes (2019), provides a private right of action for disclosure of grand jury materials; (2) the circuit court has the inherent power to regulate the use of grand juries; and (3) grand jury secrecy is not

absolute. We agree with the Post in part, and reverse and remand the case.

- ### *The Trial Court Proceedings*

The Post filed a complaint against the state attorney and the clerk, requesting disclosure of the grand jury materials under section 905.27, Florida Statutes (2019). Both defendants moved to dismiss. In response, the Post filed an amended complaint, adding a count for declaratory relief.

Both defendants answered the amended complaint as to the declaratory relief count and moved to dismiss the count requesting grand jury materials under section 905.27. The state attorney denied "possession and/or control of documents." The clerk admitted it "[was] in possession and/or control of documents."

The Chief Judge of the Fifteenth Judicial Circuit heard the motions to dismiss. The Chief Judge stated: "I don't think anybody is saying that there isn't a cause of action [under section 905.27] or that the press doesn't have standing." Counsel for both the clerk and state attorney indicated they did not seek to "block access" to the records. The trial court granted the motions to dismiss, ruling section 905.27 did not provide a private cause of action.

Specifically, the order stated: "[T]he [c]ourt does not suggest The Post has no available mechanism to obtain a court order granting it access to the grand jury proceedings. The [c]ourt also does not render any opinion as to whether releasing these records is appropriate for the purpose of 'furthering justice' within the meaning of section 905.27." The Post dropped the state attorney as a defendant. The clerk remained a nominal defendant as the records custodian.

The Post moved for summary judgment, asserting the grand jury materials should be released under the First Amendment of the U.S. Constitution in conjunction with section 905.27, which allows for the release of grand jury materials "in . . . furtherance of justice." The Post also argued the trial court had inherent authority over the grand jury to order the disclosure. Prior to the hearing, the clerk filed an extensive opposition, citing Florida Rule of General Practice and Judicial Administration 2.420. The Post filed a reply. The clerk did not cross-move for summary judgment.

The then-assigned trial court held a hearing and ultimately issued a final judgment dismissing the Post's complaint, finding the court's

2

inherent authority was constrained by section 905.27. Further, the trial court found it had "limited authority to order the release of grand jury records" regardless of "how palatable and persuasive [the Post's] arguments may be."

Rather than evaluate the Post's motion for summary judgment under section 905.27, the trial court ruled "the proper procedure for obtaining disclosure of confidential court records is set forth in Florida Rule of General Practice and Judicial Administration 2.420(j)." The trial court found its "inherent authority" did not "permit it to broaden" section 905.27's purported limits. The trial court interpreted the statute to require a pending civil or criminal action in which the movant is a party before the "in furtherance of justice" provision could be invoked.

The trial court agreed "the established matters surrounding Mr. Epstein's conduct, the circumstances of his resolution of the 2006 state charges and potential federal charges, and his 2008 guilty plea and incarceration are matters of public interest, and disclosure of the Materials may arguably fall within the concept of 'furthering justice' in the broadest, social sense of the phrase."

From this order, the Post appeals and reiterates its trial court arguments. The clerk maintains a neutral position.[1] No one opposes the requested disclosure.

- ***Standard of Review***

We review de novo a final summary judgment. *Cleveland v. Westport Recovery Corp.*, 331 So. 3d 728, 730 (Fla. 4th DCA 2021).

- ***Florida Rule of General Practice and Judicial Administration 2.420***

At the outset we hold the trial court's reliance on Florida Rule of General Practice and Judicial Administration 2.420 was misplaced. First, the Post did not request the materials pursuant to rule 2.420. That rule was simply not raised in the pleadings. And second, the clerk, who injected rule 2.420 into the proceedings, advised this court in oral argument that the rule is inapplicable because this case does not involve *an ongoing criminal or civil matter.*

---

[1] The Post, the circuit court clerk, and this Court all agree the only reason for the clerk's continued participation is solely as custodian of the grand jury materials.

In short, the trial court erred in analyzing the disclosure issue under rule 2.420. This alone requires reversal and remand for an analysis under section 905.27.

- ***Section 905.27***

"There is a tradition in the United States, a tradition that is 'older than our Nation itself,' that proceedings before a grand jury shall generally remain secret." *In re Petition of Craig*, 131 F.3d 99, 101 (2d Cir. 1997) (citations omitted).

> The rule of secrecy, however, is not without exceptions. Those exceptions have developed historically alongside the secrecy tradition and, more recently, in the practice of the federal courts. They also are codified in [Federal Rule of Criminal Procedure 6(e)(3)]. By this rule, district courts, as part of their supervisory authority over the grand juries that they have empaneled, are explicitly given the discretion to determine whether, if one or more of the listed exceptions to grand jury secrecy apply, disclosure of records is appropriate.
>
> . . . [T]his court has recognized that there are certain 'special circumstances' in which release of grand jury records is appropriate even outside of the boundaries of the rule.

*Id.* at 102 (citations omitted).

In *Craig*, the Second Circuit held the district court had authority to release grand jury materials based on special circumstances that went beyond the six exceptions listed in Rule 6. Similarly, in *In re Hastings*, 735 F.2d 1261, 1268–69 (11th Cir. 1984), the Eleventh Circuit affirmed the district court's disclosure of grand jury proceedings even though not specifically authorized by Rule 6. And the U.S. Supreme Court has held section 905.27 cannot prevent a grand jury witness from disclosing his/her own testimony because it would violate the witness's First Amendment rights. *Butterworth v. Smith*, 494 U.S. 624 (1990).

We extract from these decisions the court's inherent authority to disclose grand jury materials despite the traditional rule of secrecy. In fact, this is contemplated and supported by section 905.27's language.

*Craig* also provides helpful instruction on what a trial court should consider when faced with this issue.

Mindful that there is no talismanic formula or rigid set of prerequisites, we offer the following non-exhaustive list of factors that a trial court might want to consider when confronted with these highly discretionary and fact-sensitive 'special circumstances' motions: (i) the identity of the party seeking disclosure; (ii) whether the defendant to the grand jury proceeding or the government opposes the disclosure; (iii) why disclosure is being sought in the particular case; (iv) what specific information is being sought for disclosure; (v) how long ago the grand jury proceedings took place; (vi) the current status of the principals of the grand jury proceedings and that of their families; (vii) the extent to which the desired material— either permissibly or impermissibly—has been previously made public; (viii) whether witnesses to the grand jury proceedings who might be affected by disclosure are still alive; and (ix) the additional need for maintaining secrecy in the particular case in question.

*Craig*, 131 F. 3d at 106.

With this foundation, we begin our analysis of section 905.27. That statute's pertinent subsections provide:

(1) A grand juror, state attorney, assistant state attorney, reporter, stenographer, interpreter, or any other person appearing before the grand jury shall not disclose the testimony of a witness examined before the grand jury or other evidence received by it except when required by a court to disclose the testimony for the purpose of:

(a) Ascertaining whether it is consistent with the testimony given by the witness before the court;

(b) Determining whether the witness is guilty of perjury; or

(c) Furthering justice.

(2) It is unlawful for any person knowingly to publish, broadcast, disclose, divulge, or communicate to any other person, or knowingly to cause or permit to be published, broadcast, disclosed, divulged, or communicated to any other person, in any manner whatsoever, any testimony of a witness examined before the grand jury, or the content, gist, or import

5

thereof, except when such testimony is or has been disclosed in a court proceeding. When a court orders the disclosure of such testimony pursuant to subsection (1) for use in a criminal case, it may be disclosed to the prosecuting attorney of the court in which such criminal case is pending, and by the prosecuting attorney to his or her assistants, legal associates, and employees, and to the defendant and the defendant's attorney, and by the latter to his or her legal associates and employees. When such disclosure is ordered by a court pursuant to subsection (1) for use in a civil case, it may be disclosed to all parties to the case and to their attorneys and by the latter to their legal associates and employees. However, the grand jury testimony afforded such persons by the court can only be used in the defense or prosecution of the civil or criminal case and for no other purpose whatsoever.

§ 905.27, Fla. Stat. (2019).

We disagree with the trial court's restrictive reading of section 905.27. We read subsection (1) to prohibit identified people from disclosing grand jury witness testimony and evidence, unless required to be disclosed by a court. The statute articulates three exceptions to the prohibition. Its very language contemplates the trial court's ability to order disclosure: "**except when required by a court to disclose . . . .**" § 905.27(1), Fla. Stat. (2019).

Although section 905.27 addresses grand jury proceeding secrecy and non-disclosure, it also specifically recognizes a court's inherent authority to order disclosure. Here, the Post requested disclosure **to further justice** in this high-profile criminal investigation into the late Jeffrey Epstein. The Post did so by tracing the investigation's controversial history and ultimate disposition of the charges against him. The trial court was required therefore to determine whether the disclosure will in fact further justice under section 905.27.

Courts have inherent authority to "do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction, subject to existing laws and constitutional provisions." *Rose v. Palm Beach County*, 361 So. 2d 135, 137 (Fla. 1978). Here, the trial court did not exercise its inherent authority as contemplated by section 905.27(1).

Yet, we do know the trial court has already noted:

6

> [T]he established matters surrounding [Epstein's] conduct, the circumstances of his resolution of the 2006 state charges and potential federal changes, and his 2008 guilty plea and incarceration are matters of public interest, and disclosure of the Materials may arguably fall within the concept of "furthering justice" in the broadest, social sense of the phrase.
> . . . .
>
> It may well be that the disclosure of [Epstein's] grand jury records could reveal that fair treatment did not occur and that [Epstein] might have escaped appropriate punishment through some failing of our justice system.

We are not unmindful of section 905.27's subsection (2), which the trial court read to limit any disclosure under subsection (1). But we also disagree with the trial court's reading of subsection (2).

We read subsection (2) to accomplish two things. First, it prohibits disclosure by others than those listed in subsection (1) unless disclosure has been ordered. And second, it directs to whom disclosure can be made in pending criminal and civil proceedings.

For the foregoing reasons, we reverse and remand the case for further proceedings consistent with this opinion. Upon remand, the trial court shall conduct an in-camera inspection of the material sought and using the guidance provided by *Craig*, decide whether the material's disclosure furthers justice. If so, the court has the inherent authority to disclose any material that furthers justice. In doing so, the trial court shall take steps necessary to protect the identity of the victims, witnesses, and those who have not been criminally charged. If the court determines disclosure of any of the material will not further justice, the court can, in its discretion, deny disclosure of that material.

Because our decision could have far-reaching consequences, we certify the following question to be of great public importance:

> DOES A CIRCUIT COURT HAVE INHERENT AUTHORITY TO DISCLOSE GRAND JURY EVIDENCE TO FURTHER JUSTICE UNDER SECTION 905.27?

*Reversed and remanded for further proceedings.*

MAY, J., concurs.
CIKLIN, J., concurs specially with opinion.

Kᴜɴᴛᴢ, J., concurs specially with opinion.

Cɪᴋʟɪɴ, J., concurring specially.

I write to concur with the majority opinion insofar as it instructs the circuit court to forthwith implement a procedure necessary to provide a means for the circuit court to review the Palm Beach Post's request for access to the subject grand jury proceedings. But contrary to the majority opinion, I tend to agree with both the circuit court and the clerk of the circuit court that section 905.27, Florida Statutes (2019), has no bearing on the issue before us. Specifically, section 905.27 provides *very narrow substantive rights* to those indicted for crimes to obtain grand/jury materials *for use in their civil and criminal cases.* § 905.27(1)-(2), Fla. Stat. (2019). Like Florida Rule of General Practice and Judicial Administration 2.420, section 905.27 assumes an ongoing civil or criminal case, and that is not the posture of this case, rendering both provisions equally inapplicable.

But—under the jurisprudence of this state—that does not end our inquiry because the Florida judiciary has inherent authority over all of its grand jury records and does not need legislative authority to do its business.

Florida's judicial system and all Florida grand juries enjoy an inseparable relationship that goes back more than 120 years. The Florida Supreme Court has described it as a "blood kinship." *In re Grand Jury Investigation,* 287 So. 2d 43, 46 (Fla. 1973).

Because Florida grand juries are an integral part of the Florida judicial system, I would hold that under the Florida Constitution, the Florida judiciary has the inherent power, authority, and control over all Florida grand jury proceedings—which are indisputably court proceedings—including the release of its records and materials. Subject to the rulemaking power of the Florida Supreme Court, this inherent authority includes the overall regulation and control of all grand juries as integral to "a judicial proceeding in a court of justice . . . an appendage or adjunct to the circuit court." *In re Grand Jury,* 287 So. 2d at 46 (quoting *Craft v. State,* 29 So. 418, 419 (Fla. 1900)).

I also concur with my colleagues' decision to certify the question of great public importance raised in this case to the Florida Supreme Court. The question of a circuit court's inherent authority to order disclosure of grand jury records is a matter of first impression. *See Duggan v. Tomlinson,* 174 So. 2d 393, 393 (Fla. 1965) (recognizing that, pursuant to provisions of the

8

Florida Constitution, the Florida Supreme Court has jurisdiction to review any decision of a district court of appeal that passes upon a question of great public interest, especially as to "decisions . . . of first impression"). Additionally, our decision could have far-reaching consequences, as it has the potential of resulting in numerous requests by the press or the public for disclosure of grand jury records. *See Young v. State*, 678 So. 2d 427, 429 (Fla. 4th DCA 1996) (certifying a question of great public importance where the issue "arises frequently and affects numerous criminal defendants within this district and throughout the state"). Thus, I too would certify a question of great public importance but would slightly broaden it as follows:

> WHAT POLICIES AND PROCEDURES, IF ANY, SHOULD BE ENACTED UNDER THE RULE-MAKING AUTHORITY OF THE FLORIDA SUPREME COURT OR THE AUTHORITY VESTED TO THE CIRCUIT COURTS BY THE FLORIDA SUPREME COURT TO PROPERLY CONSIDER AND DECIDE A REQUEST TO DISCLOSE PORTIONS OF FLORIDA GRAND JURY RECORDS?

KUNTZ, J., concurring specially.

I agree that the circuit court erred when it relied on Rule 2.420 to deny the appellant's request to unseal the grand jury records, particularly because the operative pleading did not ask the court to do so. I also agree that controlling authority gives a circuit judge discretion to order the release of grand jury materials when justice requires. So I concur in the court's opinion.

I do so even though, generally, "[t]he proceedings of a grand jury are to be kept secret." *Clein v. State*, 52 So. 2d 117, 120 (Fla. 1950). For that reason, the legislature "closed" grand jury proceedings to the public. *Palm Beach Newspapers, Inc. v. Burk*, 471 So. 2d 571, 582–83 n.9 (Fla. 4th DCA 1985) (C.J., Anstead, dissenting); *see also Palm Beach Newspapers, Inc. v. Doe*, 460 So. 2d 406, 408 (Fla. 4th DCA 1984). The legislature also created a system to peer into these secret proceedings when certain conditions are satisfied. *Minton v. State*, 113 So. 2d 361, 363 (Fla. 1959) (referencing section 905.27, Florida Statutes).

This Court has agreed that section 905.27 governs the release of grand jury materials. *See Barber v. Interim Rep. of the Grand Jury Spring Term 1995*, 689 So. 2d 1182, 1185 (Fla. 4th DCA 1997); *James v. Wille*, 480 So. 2d 253, 254 (Fla. 4th DCA 1985). Our sister courts and the Florida Supreme Court reached the same conclusion. *See, e.g., Minton*, 113 So.

9

2d at 363; *Tallahassee Democrat, Inc. v. O'Grady*, 421 So. 2d 58, 59 (Fla. 1st DCA 1982); *Jackman v. State*, 140 So. 2d 627, 629 (Fla. 3d DCA 1962).

Those cases hold that section 905.27 allows the release of grand jury materials in the furtherance of justice. *See also Keen v. State*, 639 So. 2d 597, 600 (Fla. 1994); *Minton*, 113 So. 2d at 363; *State ex rel. Brown v. Dewell*, 167 So. 687, 689 (Fla. 1936); *James*, 480 So. 2d at 254; *State v. Gillespie*, 227 So. 2d 550, 559 (Fla. 2d DCA 1969); *State v. Drayton*, 226 So. 2d 469, 474–75 (Fla. 2d DCA 1969).

Notwithstanding those cases, it is unclear whether the actual text of the statute allows release of grand jury materials outside of a civil or criminal case. *See* § 905.27, Fla. Stat. The statute's text allows disclosure in limited situations and to limited persons, and only when a court orders disclosure of the material. *Id.* There are three exceptions. Section 905.27(1)(a) allows the named persons to disclose grand jury testimony when ordered by a court to do so for the purpose of "[a]scertaining whether it is consistent with the testimony given by the witness before the court." Section 905.27(1)(b) allows a court to order disclosure of grand jury testimony when necessary to determine "whether the witness is guilty of perjury." Finally, section 905.27(1)(c) states that a court can permit the disclosure of grand jury testimony when the court determines that disclosure would further justice.

Most cases focus on the third exception, disclosure in the furtherance of justice. Section 905.27(2)—which appears to limit the disclosure to pending civil and criminal proceedings—is ignored.[2] In other cases, the entire statute is ignored. *Keen*, 639 So. 2d at 600.

Why portions of section 905.27 are ignored is unclear. In a different context, the Florida Supreme Court noted that the legislature controls the publication of grand jury materials. *Miami Herald Publ'g Co. v. Marko*, 352 So. 2d 518, 520–21 (Fla. 1977) ("It is undoubtedly for this reason that the legislature has now afforded an opportunity to prevent the publication of unfavorable material through the repression of matter that is 'improper and unlawful.'"). If the legislative system for preventing publication of a grand jury report controls, why can we disregard the legislature's system for releasing grand jury materials? It seems to me that "[t]he legislature

---

[2] It was argued in at least one case that grand jury materials can only be released in a pending civil or criminal case. *State ex rel. Oldham v. Baker*, 226 So. 2d 21, 22 (Fla. 3d DCA 1969). The case was resolved on other grounds. *Id.*

has chosen . . . [the system] and it is not our prerogative to select another alternative." *Id.* at 520 n.5.

The language of the statute should control for another reason. The Florida Constitution provides broad access to public records. But it includes a provision that any laws or rules of court "in effect on July 1, 1993 that limit public access to records or meetings shall remain in force, and such laws apply to records of the legislative and judicial branches, until they are repealed." Art. I, § 24(d), Fla. Const. If a class of documents was not made confidential by statute or rule on that date, they would not be confidential unless later classified as confidential by a supermajority of the legislature. *Id.* § 24(c). But the legislature had provided for the confidentiality of grand jury proceedings on that date. § 905.24, Fla. Stat. The statute makes grand jury proceedings confidential, and the statute is where we should turn to determine the exceptions. § 905.27, Fla. Stat.

In conclusion, controlling authority holds that a court may disclose grand jury materials under the furthering justice provision of section 905.27(1). That compels me to join the majority's opinion and decision to certify a question to the Florida Supreme Court. While I join the majority opinion in full, I do not agree that the majority opinion is instructing the circuit court to implement a procedure to provide a means to review the pending request to access the grand jury materials. We are judges, not kings, and on a clean slate, I would stick to the language of the statute.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

11